Moseley agt. The Albany Northern Railroad Company.

———————

# SUPREME COURT.

MOSELEY agt. THE ALBANY NORTHERN RAILROAD COMPANY.

Where the plaintiff brought his action against the defendant for the recovery of possession of real estate, and after its commencement all the right, title and interest of the defendant to the property, by operation of law, had been transferred to another, who entered into and held possession thereof,

*Held,* that the original cause of action against the defendant, did not survive or continue against the succeeding occupant, and the latter could not be substituted as a party. But the entering into the possession and occupancy of the premises by the succeeding occupant, would give the plaintiff a new cause of action against him. The first cause of action was a malfeasance *personal to* that defendant.

A cause of action founded in *tort*, for instance, an entry into the lands of another, and the unlawful withholding from him the possession thereof, is personal to the tortfeasor : it dies with his person, and cannot at common law be continued against his grantee by a transfer of his interest in such real property.

*Rensselaer Special Term, Dec.*, 1856.

MOTION by plaintiff to amend the proceedings by adding, " The Albany, Vermont and Canada Railroad Company," as defendant.

The affidavit on which the motion was founded stated, that the action was for the recovery of possession of real estate ; and that, since the commencement of the suit, " The Albany Northern Railroad Company," with all its appurtenances and property, had been sold at auction, and was, including the land in dispute, transferred to one Burden, and that he had sold and transferred the same to a company organized by the name of " The Albany, Vermont and Canada Railroad Company." That such company were the real occupants of and in possession of the same.

  JOHN J. VIELE, *for plaintiff.*
  JOHN H. REYNOLDS, *for defendant.*

PAIGE, Justice. The affidavit on which this motion is founded does not state the nature of the title which " The Albany, Vermont and Canada Railroad Company " acquired under their purchase from Burden, or the title Burden acquired at the auction sale, nor does it state whether either succeeded to the possession of " The Albany Northern Railroad Company." The title acquired by Burden, and sold by him to " The Albany, Vermont and Canada Railroad Company," may have been paramount to that of the plaintiff, and may not have been derived from " The Albany Northern Railroad Company ;" and Burden and " The Albany, Vermont and Canada Railroad Company " may not have succeeded to the possession of " The Albany Northern Railroad Company."

Burden may have obtained a possession distinct from that of " The Albany Northern Railroad Company," and transferred

Moseley agt. The Albany Northern Railroad Company.

such possession to "The Albany, Vermont and Canada Railroad Company." It is manifest that the original cause of action against "The Albany Northern Railroad Company," did not continue against "The Albany, Vermont and Canada Railroad Company" on the latter company becoming the actual occupant of the lands in question.

Under the Revised Statutes, (*vol. 2, p. 308, § 32, 1st ed.,*) in case of the death of the plaintiff, in an action of ejectment, after issue and before verdict or judgment, only the names of those who succeeded to his title could be substituted as plaintiffs. (1 *Den.* 57; 10 *Wend.* 540.)

It is a well established rule, that a tenant whose possession is entirely distinct from that for which the action is brought, is not affected by a recovery in such action, and cannot be dispossessed under a writ of possession issued therein. (1 *Caines' R.* 500; *Adams on Eject.* 309.)

"The Albany, Vermont and Canada Railroad Company" cannot, under the 121st section of the Code, be added or substituted as a party in this action, unless the cause of action survives or continues in favor of the plaintiff, and against such company. As there is in this action but one defendant, there is no survivorship, as that term implies that the cause of action became vested in or against a survivor. Did the action continue in favor of the plaintiff, and against "The Albany, Vermont and Canada Railroad Company?" If it did not, that company cannot be added or substituted as a party.

In *Putnam* agt. *Van Buren,* (7 *How. Pr. R.* 33,) Justice WILLARD, delivering the opinion of the general term of the fourth district, held, that the cause of action for the recovery of land involved two ideas: *First,* The title of the plaintiff to the premises claimed, and a right to recover the possession thereof: *Second,* The actual occupancy thereof by the defendant: that, in case of the defendant's death, the second element of the cause of action did not continue; and that, by the death of the original defendant, a new cause of action was given to the plaintiff, provided a new occupant succeeded to the possession. This reasoning is applicable to the present case.

An indispensable element of the cause of action for which the plaintiff's action was brought against "The Albany Northern Railroad Company," was the actual occupancy by that company, and their withholding the possession from the plaintiff. This was a malfeasance personal to that company; and when the interest of that company in the premises was transferred to Burden, and by him to "The Albany, Vermont and Canada Railroad Company," and the latter company entered into the possession, and withheld such possession from the plaintiff, a new cause of action against that company, originating in the malfeasance of the latter company accrued to the plaintiff; but the old cause of action against "The Albany Northern Railroad Company," does not continue against "The Albany, Vermont and Canada Railroad Company."

A cause of action founded in *tort*, as for example, an entry into the lands of another, and the unlawful withholding from him the possession thereof, is personal to the tortfeasor: it dies with his person, and cannot at common law be continued against his grantee by a transfer of his interest in the real property in respect to which the tort was committed. (7 *How. Pr. R.* 32, 33; *Mit. Plead. Jer.* ed. 22; 1 *Saund.* 72; *Adams on Eject.* 309. See *Norton* agt. *Wiswall, ante, page* 42.)

The same proposition may be affirmed in respect to a trespass in cutting timber by a tenant at will, or for years; or to waste committed by a tenant for life, or years.

In general, where a defendant, in an action for the recovery of real property, transfers his possession *pendente lite* to a third person, the suit may be continued against the original defendant without notice to the grantee, and upon the judgment and writ of possession in such action, such grantee may be dispossessed. (1 *Cai. R.* 500; *Adams on Eject.* 309; 5 *Johns. Ch. R.* 39; 7 *Paige*, 21.)

The motion, for the reasons above stated, must be denied.

As the question arising on this motion is new, in respect to the circumstances under which it is presented, I will deny the motion without costs.