## MOSELY *a*. MOSELY.

*Supreme Court, Sixth District; Special Term, September,* 1860.

ACTION OF EJECTMENT.—DEATH OF DEFENDANT.—ABATEMENT.

In an action under the Code, to recover the possession of land, corresponding to the former action of ejectment, the death of a sole defendant before verdict abates the action ; and the court has no power to authorize the continuance of the action, by supplemental complaint or otherwise, against his heirs at law.

*It seems,* that in respect to this question, the action of ejectment stands on the same ground as that of replevin.

Petition for leave to file a supplemental complaint to continue the action against the heirs at law of the defendant.

This was an action in the nature of ejectment, commenced in 1848. A verdict and judgment was rendered in favor of the defendant, which was affirmed at general term. The Court of Appeals granted a new trial ; but while the appeal was pending in that court, the defendant died, leaving children.

*Samuel Love,* for the motion,

*Benj. G. Ferris,* opposed.

PARKER, J.—This is an application by the plaintiff to continue the action by supplemental complaint against the heirs of Aaron Mosely, the original defendant, who died more than a year prior to the application.

The action is set forth in the petition, on which alone the application is founded, the complaint not being before the court. It was brought by the plaintiff in 1848, " to recover in his own right in fee the possession" of fifty acres of land therein described ; and is what would have been, under the old nomenclature, an action of ejectment.

The Code (§ 121) provides that " no action shall abate by the death, marriage, or other disability of a party, or by the

transfer of any interest therein, *if the cause of action survive or continue.* In case of death, marriage, or other disability of a party, the court, on motion, at any time within one year thereafter, or afterwards on a supplemental complaint, may allow the action to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made, to be substituted in the action. After a verdict shall be rendered in any action for a wrong, such action shall not abate by the death of any party; but the case shall proceed thereafter, in the same manner as in cases where the cause of action now survives by law."

Whether this application can be granted, depends on the question whether the *cause of action survives or continues.* For although a trial has been had, and a verdict against the plaintiff, that has been set aside, and a new trial granted upon appeal; and the case stands in respect to this application, as though no verdict had been rendered.

Does the cause of action, on which this action was brought, survive or continue against the heirs of the original defendant, Aaron Mosely? This question would seem to be answered by the latter clause of the section above cited, in the negative. The action is for a "*wrong*" within the meaning of that clause; not resting in fact or theory, upon any breach of contract, but upon a wrongful withholding by the defendant of the possession to which the plaintiff was entitled; and if for a wrong, as that clause asserts by implication, the cause of action does not survive.

But however that may be, it certainly does not survive or continue against the heirs of the deceased defendant, unless by virtue of some statute. At common law the cause of action did not survive, and the action abated.

We have a statute authorizing an action by any person, against the "executor or administrator of any testator or intestate, who, in his lifetime, shall have wasted, destroyed, or carried away, or converted to his own use, the goods or chattels of any such person, or committed any trespass on the real estate of any such person." (3 *Rev. Stat.*, 202, § 5, 5 ed.) In such case the cause of action is made, by the statute, to survive, and the action may, therefore, be continued against the ex-

ecutor or administrator. But there is no statute continuing a cause of action, like the one on which this action was brought; and if not, the action cannot be continued against the successors in interest of the deceased defendant.

This construction of section 121 of the Code is in accordance with the opinion of Justice Willard, in Putnam *a.* Van Buren (7 *How. Pr.*, 31);* although that case may have been decided upon another ground. In the case of Waldorph *a.* Bortle (4 *Ib.*, 358), Justice A. J. Parker came to a different conclusion; but he puts his decision on section 118, which provides that " any person may be made a defendant who has or claims an interest in the controversy, adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein."

That section, as it seems to me, has no bearing on the question whether the action had abated by the death of the sole defendant; nor whether the action already commenced, could be continued against his heirs; but describes who are proper parties-defendants to an action when commenced, or while proceeding. Unless the cause of action for which this action was originally commenced, survived or continued against such parties by virtue of some statute, as above stated, the action abated, and could not be continued.

It is not enough that the parties against whom it is sought to continue the action, have succeeded to the legal rights of the original defendant, for that does not make them liable for the wrongful act of such defendant, no statute casting on them such liability.

In respect to this question, the action of ejectment stands on the same ground as the action of replevin. In Webber's Ex. *a.* Underhill (19 *Wend.*, 447), it was held, upon an elaborate discussion of the question upon principle and authority, that the action of replevin abated by the death of a sole defendant, and could not be continued against his executors, even upon their own application. And in Hopkins *a.* Adams (5 *Abbotts' Pr.*, 351), under the Code, it was decided by the Superior Court of the city of New York, that an action for the recovery of the

---

* To similar effect, also, is Mosely *a.* Albany Northern Railroad Co. (14 *How. Pr.*, 71).

possession of specific personal property against a sole defendant, wholly abates, if the defendant dies before verdict or judgment; and the court has no power, in such case, to order the action to be continued against the personal representatives of the defendant.

To that conclusion I have come in this case. The court has no power to order the action to be continued, by supplemental complaint, or otherwise, against the heirs of the deceased defendant.

The motion of the plaintiff is therefore denied, with ten dollars costs, to the heirs, of opposing the motion.