## SUPREME COURT.

JOHN GARDNER agt. WILLIAM WALKER, and EPHRAIM CONE and WILLIAM WALKER, executors, &c. of Charles Colt, deceased.

Where pending an action at law one of several defendants *dies,* the plaintiff may treat the action as having *abated* as against such deceased defendant, and proceed regularly against the surviving defendants. Whether an *order* of the court is necessary thus to proceed, *quere ?*

*It seems,* that the plaintiff in such case would be entitled to an order of the court that the action be continued against the representatives of the deceased defendant, and also against the surviving defendants *separately*—making *two distinct actions.*

For the action could not be permitted to proceed against both the surviving defendants and the representatives of the deceased defendant jointly as one action.

Where on the trial the plaintiff was put to his *election* to proceed against the surviving defendant, or against the representatives of the deceased defendant, and he elected to proceed against the latter, and the court thereupon *dismissed the complaint against the former,* held, that the surviving defendant had a right to enter up *judgment for his costs* against the plaintiff while the issues with the other defendants remained undecided.

*Monroe Special Term, June,* 1861.

MOTION by plaintiff to set aside judgment entered in favor of defendant William Walker for costs, or for re-adjustment of the costs, &c.

The leading facts, as established by the affidavits read on the motion, are as follows : The action was originally commenced on the 18th day of April, 1849, by the plaintiff, against the defendant William Walker, and Charles Colt, Jr., to recover the value of certain personal property taken

and sold by the deputy sheriff of Livingston county, on an execution issued upon a judgment recovered by said William Walker and Charles Colt, Jr. against Reuben Gardner. These original defendants appeared and answered jointly by one attorney, setting up in their answer, among other things, the judgment and execution in their favor against said Reuben Gardner, and the levy upon and sale of the property in question by virtue of the execution, and alleging the title to the property to be in said Reuben Gardner at the time of the levy.

The defendant Colt died April 9, 1860. By an order made at special term on the 4th Monday of December, 1860, upon the plaintiff's motion, the action was allowed to proceed against the surviving defendant William Walker, and Ephraim Cone and William Walker as executors as aforesaid.

At the Livingston circuit, commencing in January, 1861, the action was brought on for trial. After the plaintiff had concluded his evidence and rested, the defendants moved that the plaintiff be required to elect which of the defendants to proceed against, whether the defendant Walker in his individual character, or the said Walker and Cone as executors of the original defendant, Charles Colt, Jr. The motion was granted, and the plaintiff elected to proceed against the executors of Colt, and upon the defendant's motion the complaint was dismissed as against the defendant Walker. The trial then proceeded against the defendants Walker and Cone as executors of Colt. The cause was submitted to the jury, who failed to agree upon a verdict, and were discharged for that reason. The cause has not been since tried, but remains undisposed of as against the executors of Colt.

The defendant Walker procured the costs in his favor as an original defendant, to be taxed upon regular notice, by the clerk of Livingston county, on the 15th day of March, 1861, at $95.41. The plaintiff's attorney appeared before

the clerk, and objected to the right of the defendant Walker to recover in the action costs against the plaintiff at any time to any extent, and especially while the action was pending against the executors of Colt. He also objected to the allowance of certain specified items of costs in case the defendant Walker was entitled to costs at all.

The defendant Walker proceeded to enter judgment for the costs so taxed, and has issued execution therefor. This motion is to set aside such judgment and execution, or for re-adjustment of the costs.

R. P. Wisner, *for plaintiff.*

James Wood, Jr., *for defendant Walker.*

Welles, Justice. If the action had been tried before .the death of the defendant Colt, and a verdict had been found against him, and the defendant Walker had been acquitted, I think it clear that the latter would have been entitled to recover his full bill of costs against the plaintiff.

Upon the death of Colt the action survived against the defendant Walker, and it would have been regular for the plaintiff to proceed against Walker as surviving defendant, treating the action as having abated as against the defendant Colt. Whether an order of the court for permission so to proceed, would have been required, it is not now necessary to decide. And I incline to think the plaintiff would be entitled to an order that the cause be continued against the representatives of Colt, and also against the defendant Walker separately—thus separating the action from the time of the death of Colt, and making two distinct actions after that time, or at least from the time of the order for reviving. This, I admit, would be unusual, but I can see no objection to it in theory, and cases are likely to arise rendering such a course necessary for the protection of the rights of the plaintiff. Clearly, the action could not be permitted to proceed against both the surviving defendants

and the representatives of the deceased defendant jointly as one action. The incongruity of such a course in an action purely legal in its character and object, is too apparent to require argument. The papers show that the order obtained at special term, allowing the action thus to proceed, was granted without opposition, and upon notice, and was doubtless allowed without any consideration by the court, at the peril of the party asking for it. However that may have been, when the cause came on for trial there was no regular mode of proceeding under the circumstances, but by compelling the plaintiff to elect. Whether it was proper for the judge at the same time to have dismissed the complaint as against Walker, the survivor of the original defendants, it now seems to me somewhat questionable. Be that as it may, the order was valid until reversed, and Walker, in his individual character, is out of court. He is, in my opinion, entitled to recover the same costs as if he had been acquitted upon trial.

The objection that no judgment could be entered up in his favor, while the issue with the other defendants remains undecided, is untenable. He has no longer any interest in the result, and his right to recover his costs is not contingent, but fixed and certain. And so of the plaintiff's liability to pay them.

I have looked into the details of the bill of costs, and do not perceive any legal objection to any of the items.

The motion is therefore denied, but without costs.