## THE UNION BANK v. MOTT.

A complaint, charging that the defendants had fraudulently overdrawn money from the plaintiff, a bank, and demanding judgment for the amount of the overdraft, and for execution against the bodies as well as property of the defendants, is, *it seems*, to be regarded as founded in tort.

Where one of the defendants dies before judgment, the action cannot be revived as a joint one against the survivor and the personal representative of the deceased, but may, *it seems*, be revived as separate actions.

Where, in such an action, a motion to revive, made with notice to the representative of the deceased party, was denied as to him, the order affects no substantial right of the plaintiff, and is not appealable.

THIS was a motion to dismiss an appeal from the order of the Supreme Court, at general term, in the city of New York, affirming an order made at special term, denying a motion made by the plaintiff for leave to revive the action against the executrix of the will of Jacob H. Mott, deceased.

It appeared from the papers read on the hearing of the motion that the action was commenced in March, 1858, against Garret S. Mott and Jacob H. Mott, to recover ninety-six thousand dollars and upwards, which the defendants were charged with having fraudulently overdrawn, between the first of January, 1849, and the 31st of December, 1852, from the president, directors and company of the Union Bank of the city of New

York (to whose rights the plaintiff had succeeded), and one thousand dollars in like manner overdrawn from the plaintiff in January, 1853. Such overdrafts were alleged to have been effected through fraudulent collusion between the defendants and one Brotherson, who was bookkeeper of the president, directors and company of the Union Bank, until the expiration of their charter, on the 31st day of December, 1852, and of the plaintiff subsequent to that date. The fact of such overdrafts was concealed by means of false entries made by Brotherson in the books of the bank, and was never discovered by the president, directors and company of the Union Bank, or by the trustees of that corporation, and was not discovered by the plaintiff until March 8th, 1853.

Judgment was demanded against the defendants for the amount thus overdrawn, with interest and costs, and with executions against the bodies and the property of the defendants.

The defendants severally answered, denying nearly all the allegations of the complaint, and they set up the statute of limitations, alleging that the action did not accrue within six years next before the commencement of the suit. Before the answer of Garret S. Mott was served, judgment had been obtained against him by default, for nearly $200,000, and he obtained leave to answer only on condition that the judgments stand as security for any amount that should ultimately be recovered against him.

In November, 1859, the cause was referred to George C. Goddard, to be heard and determined by him.

In May, 1861, and before the trial was completed, Jacob H. Mott died, leaving a will, duly executed, upon which letters testamentary were issued by the surrogate of New York on the 8th day of July, 1861, to Julia M. Mott, as executrix thereof.

The plaintiff proceeded with the trial against Garret S. Mott, without attempting to revive the action against the representative of the deceased defendant, and on the 13th of July, the referee reported in favor of the defendant, Garret S. Mott,

upon which report judgment was entered in his favor for costs, on the 5th of August, 1861.

The plaintiff appealed to the general term from that judgment, and on such appeal the judgment was reversed, and a new trial ordered in March, 1863. The defendant moved for a re-argument, in June, and the motion was denied in November of the same year.

The cause was again noticed for trial before the referee, in December last. On the 28th of that month the plaintiff obtained an order from Mr. Justice LEONARD, at special term, requiring the defendant, Garret S. Mott, and the executrix of the will of Jacob H. Mott, deceased, to show cause at the special term, on the first Monday in January, why the cause should not be revived against said executrix, and why said executrix and Garret S. Mott should not be required to answer the supplemental complaint, a copy of which was annexed to the plaintiffs' petition, on which the order to show cause was obtained.

The supplemental complaint demanded judgment against the defendant, Julia M. Mott, as executrix, and against the said Garret S. Mott, and each of them, for the sum of $97,254.90, and interest from February 9, 1851, besides costs, and that the plaintiffs have execution therefor, as well against the body of the defendant, Garret S. Mott, as against his property.

The petition and order were served upon the attorney for Garret S. Mott, but the executrix being in the State of Massachusetts, no service was made upon her, and on the 7th of January, on hearing of the motion between the plaintiff and Garret S. Mott, the motion for leave to revive the action against the executrix was denied. The plaintiff appealed from that order to the general term, where the order was affirmed, and the appeal to this court, which is now asked to be dismissed, is from the order of affirmance.

SELDEN, J. The defendants' counsel insists that the original defendants were charged upon a joint liability, which survived against Garret S. Mott only, on the death of his co-defendant, and that the action could not, for that reason, be

revived against the representative of the deceased defendants. If the action were founded upon the joint liability of the defendants arising out of an implied contract on their part to return the money wrongfully obtained by them, which is the usual form of action in such cases, the position of the defendants' counsel would be correct. (*Voorhees* v. *Childs' Executor*, 17 N. Y., 354.) The plaintiff's counsel, however, insists, and I think, correctly, that the basis of the action is tort and not contract, express or implied; that its object is not to recover for money had and received by the defendants to the plaintiff's use (thus waiving the tort), but to obtain judgment for the damages which the plaintiff has sustained through the fraudulent conduct of the defendants. This being the true foundation of the action, and all torts, committed by more than one person, furnishing several as well as joint causes of action, the right of action survived, as well against the personal representative of the deceased, as against the surviving defendant. The surviving wrongdoer could not, however, in a common law action to recover damages, be joined with the representatives of his deceased associate, for the reason that there is no joint liability, and neither the same judgment could be rendered, nor the same execution issued, against both. The Code, I think, has made no change in this respect. It has not authorized, in actions merely personal, for the recovery of money only, the joinder of defendants primarily and personally liable, with others liable only in a representative capacity. (*Gardner* v. *Walker*, 22 How. Pr., 405; *Voorhees* v. *Childs' Executor*, 17 N. Y., 355.) Where parties are jointly and severally liable, either for torts, or upon contracts, the personal representatives of deceased parties may be proceeded against by action at the same time with actions against the surviving parties, but it must be by separate actions, and not by joining both classes of defendants in one action; and on the decease of one of several defendants thus liable in a pending action, such action cannot be revived, as a joint action, against the surviving parties and the representatives of the deceased party. I can, however, see no objection to the revivor

Union Bank *v.* Mott.

of the suit in such case, as against the representatives of the deceased party as a separate action, as was suggested by Mr. Justice WELLES, in *Gardner* v. *Walker, supra.* Such is undoubtedly the appropriate course on the death of a party severally liable on a bill or note, joined with other parties, as defendants under sec. 120 of the Code of Procedure; and there would seem to be great propriety in extending that practice to all cases of joint and several liability. Section 121 of the Code may properly be held to justify that course. Thus far I have deemed it proper to consider the merits of the question involved in the appeal, the subject having been discussed by counsel, although the merits are not before the court on this motion.

The papers do not disclose the grounds upon which the Supreme Court denied the plaintiff's motion; but, assuming it to have been held by that court that there could be no revivor of the action as a joint one against Garret S. Mott and the representatives of Jacob H. Mott, they must have regarded the motion made in the action against the surviving party, as irregular. The papers were served on the attorney of Garret S. Mott only, no service having been made on the executrix of Jacob H. Mott. The motion, therefore, was made against Garret S. Mott, in an action in which the petitioner was the plaintiff, and he alone was defendant, for leave to revive a separate action in favor of the same plaintiff against another defendant. In that question, Garret S. Mott had no interest. He was no proper party to the proceeding, and if the order asked for had been granted, it would have been entirely nugatory. The denial of a motion, under such circumstances, presents no question which can be reviewed in this court. It in no way affected the substantial rights of the appellant, which would have gained nothing if the motion had been granted, and has lost nothing by its denial. If the right existed, as I am inclined to think it did, to revive the action against the executrix of Jacob H. Mott, that right remains wholly unaffected by the decision which was made in the court below. The appeal should, therefore, be dismissed, with costs.

Ordered accordingly.