Van Voorst, J.
The defendants are sued as copartners, upon a liability of the firm for professional services rendered them. The action was commenced on June 12,1866, by the service of a summons on the defendant Samuel F. Bighter. The other defendants have not been served. The defendant served appeared in the action by an attorney, and interposed an answer to the complaint.
After issue joined, the defendant who was served died, and letters of administration were issued by the surrogate of New York to William A. Bighter, as administrator, &c., of the deceased defendant.
On the cause of action set forth in the complaint, the defendants were jointly, as copartners, liable. In order to charge the joint property by execution on a judgment to be recovered in this action, it was not necessary that process should be served on all the defendants. If served on one of the joint contractors onlv, judgment could have been entered against all the *386 defendants, so as to charge the joint property, and the separate property of the party served.
That, result would have followed from the service in this action upon the defendant Samuel E. Righter, in the event that judgment had been recovered in his lifetime. The death of this defendant (the obligation being a joint one on the part of all the' defendants), does not abate the action. It should proceed against the surviving defendants.
Upon the death of a partner, the surviving partners succeed to the property and rights of the partnership, and administer its affairs. If a suit is to be brought on a joint liability under such circumstances, the surviving partners alone should be sued. It is not proper, in an action at law, to unite the legal representatives of the deceased partner as defendants with the survivors. The separate property of the deceased partner is not liable until recourse be first had to the joint property.
There are cases in which the legal representatives of a deceased defendant have been brought in as parties with other defendants, but only where the action was in tort, and the liability of the defendants was several as well as joint. The cases to which I have been referred by the counsel for plaintiff were in actions for wrongs, in which the defendants were severally hable. (Gardner v. Walker, 22 How. Pr. R., 405; Union Bank v. Mott, 27 N. Y., 633.)
In the case at bar, the action should proceed against the surviving defendants. There is no foundation in the complaint for charging the separate property of the deceased defendant in the first instance with this joint obligation, nor any reason assigned for continuing the action against the legal representatives of the deceased partner alone.
Motion denied without costs.