By the Court.—Freedman, J.
The appellant’s claim, upon which her counsel rested his argument, that the order appealed from is illegal, for the reason that the action cannot he continued against her, is not well founded.
Section 121 of the Code provides, that no action shall abate by the death of a party, if the cause of action survive and continue. The legal effect of this provision, in its application to the case of the death of a defendant, generally, is, that the action is not abated, but merely suspended by such death, if an action for the same cause may be maintained against the personal representatives of the deceased.
The case at bar is an action known under the old practice as an action of trespass, and although there are no provisions in the Code that either expressly, or by any reasonable intendment, give a right to maintain such an action, for such a cause, against the personal representatives of a wrong-doer, yet such right exists by virtue of the following provisions of the Revised Statutes, viz. : Title 5 of chap. 6 and part 2 of the Rev. Stat., entitled “ Of the Rights and Liabilities of Executors and Administrators ” provides, that any person, *198 or Ms personal representatives, shall have actions of trespass against the executor or administrator of any testator or intestate who, in his lifetime, shall have wasted, destroyed, taken or carried away, or converted to his own use, the goods or chattels of any such person, or committed any trespass on the real estate of any such person (2 Rev. St. 114, § 5; 3 Rev. St. [5th Ed.] 202, § 5). And the statute concerning suits "by and against executors and administrators, being the first article of title 3, chapter 8 of part 3 of the Revised Statutes, further provides, that for wrongs done to the property, rights, or interests of another, for which an action might be maintained against the wrong-doer, such action may be brought by the person injured, or after Ms death by his executors or administrators, against such, wrong-doer, and after his death against his executors of administrators, in the same manner and with the like effect in all respects, as actions founded upon contracts (2 Rev. St. 447, § 1; 3 Rev. St. [5th Ed.] 746, § 1). The second section of the last-named act excepts only actions for slander, libel, assault and battery, false imprisonment, and actions on the case for injuries to the person of the plaintiff', or to the person of the testator or intestate of any executor or administrator. But even these do not abate after verdict (Code, § 121).
The authorities cited by appellant’s counsel to show that the action cannot be continued, are not in point. In Hume v. Brett, 35 Barb. 596, the court simply held that the rule of the common law, that in case of the death of one of several plaintiffs, who sue as tenants in common, the action can only be continued in the name of the survivor, has not been abrogated or altered by the modern legislation of this State.
In Hopkins v. Adams, 5 Abb. 352; Potter v Van Vranken, 36 N. Y. 626, and Lahy v. Brady, 1 Daly 443, it was held, that the action for the recovery of personal property, formerly styled replevin, survives the death *199 of the plaintiff, but does not survive the death of the defendant. The principle to be deduced from these decisions is, that, inasmuch as the effect of a judgment in favor of the plaintiff in replevin, and in the action substituted by the Code, is to bind the defendant personally for the re-delivery of the property, no action founded upon defendant’s tortious detention can be continued after the death of such defendant against his personal representatives. To be liable in that form of action, the tortious detention must be the result of the personal acts of such representatives.
In People n. Gibbs, 9 Wend. 32, the declaration was in assumpsit under 2 R. S. 513, 514, by which statute' sheriffs are made liable to the people of the State in that form of action for neglect to return a warrant issued against a tax collector. In fact, the action was in the nature of an action on the case against the deceased sheriff’s executors for the default of the sheriff’s deputy, and consequently, in substance, ex delicto. The court, after noticing 1 R. S. 311, 312, giving trespass as the only statutory provision passed in derogation of the common law, arrived at the conclusion that the case fell within the rule of the common law, which provided that when the cause of action is ex delicto, and not beneficial to the estate, no action lies against the representatives of the estate.
But in Hopkins v. Adams (supra), the effect of the provisions of the Revised Statutes first above referred to, was fully discussed, and this court held, that, although an action in the nature of replevin did not survive the death of the defendant, an action sounding in damages only, and in which the judgment, when recovered against an executor or administrator, is to be paid out of the estate in due course of administration, does survive and may be continued against defendant’s representatives.
Unless there is force in the suggestion of appellant’s *200 counsel, that that doctrine is to be strictly confined to the case of the death of a sole wrong-doer, and that it cannot be extended to a case of the death of one of several wrong-doers, and that in the latter case such death can only be suggested on the record, and the action can only proceed against the surviving defendant, under 2 Rev. St. 386, § 1, we see ho reason why we should apply a different rule to the case now before us.
If the action were founded upon the joint liability of the original defendants arising out of a contract, express or implied, the position of appellant’s counsel would be correct. In such case, the action, by virtue of the statute last referred to, would survive against the surviving defendant, and no action would lie against the appellant in her representative capacity, except upon proof of the insolvency of the surviving defendant, and that plaintiff had exhausted his remedy against him. (Voorhis v. Child’s Executors, 17 N. Y. 354; Fine v. Righter, 3 Abb. N. S. 385.) But this rule applies neither to parties severally liable for a debt by express contract, nor to parties jointly and severally liable as wrong-doers.
The original defendants in this case were sued as joint tortfeasors, and as such their liability is joint and several. If they had been sued separately, an answer by one pleading a former recovery against the other, would not have been good, unless it also averred actual satisfaction. It is true, that, being sued jointly, the action, upon the death of either, becomes incapable of being continued as a joint action against the survivor and the representatives of the deceased. But there can be no doubt that the action, if severed by the death of one, survives against the other, and that under section 274 of the Code, it may be continued against the representatives of the deceased as a separate action, as was suggested in Gardner v. Walker, 22 How. 405; Union Bank *201 v. Mott, 27 N. Y. 633 ; and McVean v. Scott, adm., 46 Barb. 379.
The action, therefore, was rightfully continued against the appellant, and, no question having been raised as to the form of the order as entered, the order appealed from must be affirmed. In order to be in a position to try the case against the appellant as a separate action, it may, perhaps, become necessary for plaintiff to make a further application. But as that question is not properly before us, we express no opinion upon it.
Order affirmed, with costs.