WILLIAM ARTHUR, APPELLANT, *v.* ELIZABETH H. GRIS-
WOLD AND OTHERS, EXECUTRIX AND EXECUTORS, ETC.,
IMPLEADED, ETC., RESPONDENTS.

*Personal representatives — effect of their improper substitution in action — Causes*
*of action — severance as to parties.*

After a judgment in favor of plaintiff in an action which survives as against the
representatives of a deceased defendant, though such representatives could not
be properly joined as co-defendants with the other parties defendant, the proper
practice is to move for a severance of the action.

In such case if the representatives come voluntarily into court and ask to be made
parties defendant, and obtain judgment in their favor directing a new trial, the
court will not, on their application, vacate the order of substitution which they
obtained.

AN appeal from an order made by Mr. Justice BARNARD at
Special Term, setting aside and vacating an order made by Mr.
Justice GILBERT, upon the application of the respondents, dated
the 19th day of December, 1872, in and by which last mentioned
order the cause was revived and continued in the names of the
said Elizabeth H. Griswold, as executrix, and Chester Griswold
and John Wool Griswold, as executors of the last will and testa-
ment of John A. Griswold, deceased, who, in his lifetime, was one
of the original defendants therein, and, so continuing, departed
this life after the rendition of a verdict against him and his
co-defendants, and pending an appeal to the General Term of this
court from the judgment entered thereon, and from an order deny-
ing a motion for a new trial made by the said John A. Griswold,
in his lifetime, jointly with his said co-defendants, immediately
ensuing the rendition of such verdict.

*C. A. Hand,* for the appellant. Having voluntarily placed
themselves in this position, the respondents should not be heard
to complain or allowed to urge that the order or its effects are
improper, illegal, or unnecessary. (*Greenfield* v. *Mass. Mut.*
*Life Ins. Co.,* 47 N. Y., 430, 435.) The order which is vacated
by the order appealed from, even upon the theory of the respond-
ents, was properly granted, and no reason for vacating it exists or

is alleged. If no cause of action survived the death of their testator, they should move to dismiss the complaint. They have mistaken the remedy. (*Fisher* v. *Hepburn*, 48 N. Y., 41.) These respondents are proper and necessary parties. This is a cause of action sounding in tort, and the liability is joint and several. (*Merchants' Bank* v. *Bliss*, 35 N. Y., 412; *Chaffee & Co.* v. *United States*, 18 Wall., 516; *Creed* v. *Hartmann*, 29 N. Y., 591; *Boynton* v. *Hatch*, 47 id., 225; Brom. on Parties, 248; 56 Law Library, 181.) Even at common law, *case* would lie for a *penalty*, and in debt brought, *not guilty* could be pleaded. (*Hardyman* v. *Whitaker*, 2 East, 573, *note.*) The cause of action survived and continued. (2 R. S., 448, § 1; *Haight* v. *Hayt*, 19 N. Y., 464; *Union Bank* v. *Mott*, 27 id., 633; see *Yertore* v. *Wiswall*, 16 How., 8; *Doedt* v. *Wiswall*, 15 id., 128; Code, § 121; *Livermore* v. *Bainbridge*, 49 N. Y., 125.)

*Wm. C. Holbrook*, for executrix and executors, respondents. A defendant is entitled to revive in all cases after a decree, when he can have a benefit from the further proceeding in the suit. (*Anderson* v. *White*, 10 Paige Ch., 579; *Anderson* v. *Anderson*, 20 Wend., 585; *Miller* v. *Gunn*, 7 How. Pr., 159; *Beach* v. *Gregory*, 2 Abb. Pr., 203; *Hastings* v. *McKinley*, 8 How. Pr., 175.) The practice, where the Code makes no provision in regard to the course to be pursued, is regulated by the former practice. (*Schuchardt* v. *Remiers*, 28 How. Pr., 514; *Livermore* v. *Bainbridge*, 49 N. Y., 125.) The reversal of a judgment operates to *nullify* all that has been done, and in other respects the parties are generally left in the same situation, as to their *rights and remedies* touching the matter in controversy, as if no judgment had ever existed. (Cowen & Hill's Notes to Phillips on Evidence, part 2, page 9; *Woodcock* v. *Bennet*, 1 Cow., 735; *Close* v. *Stuart*, 4 Wend., 98; *Wood* v. *Jackson*, 8 id., 36; *Hunt* v. *Hoboken L. & I. Co.*, 1 Hilt., 161.) So in actions *ex delicto* the action at common law would, at most, only survive against the surviving defendants. (Chitty on Pleadings, pp. 67, 68; *Gardner* v. *Walker*, 22 How. Pr., 405; *Voorhis* v. *Childs' Executor*, 17 N. Y., 354; *Union Bank* v. *Mott*, 27 id., 633.) A waiver is not presumed or allowed. (*Avery* v. *Slack*, 17 Wend., 87; *Bennett* v. *Ingersoll*, 24 id., 114; *Broad-*

*head* v. *McConnell*, 3 Barb., 189, 190; *In re James De Vaucene*, 31 How. Pr., 336, *note.*) The order of revivor did not operate as an estoppel. (*Wood* v. *Phillips* 11 Abb. [N. S.], 3; *Wood* v. *Jackson*, 8 Wend., 36.) The plaintiff has not been misled by the order, nor has he been thereby deprived of any of the rights which the law gives him. (*Jewett* v. *Miller*, 10 N. Y., 406; *Clute* v. *Jones*, 28 id., 284.)

TAPPEN, J. :

After a trial and judgment in favor of the plaintiff, the defendant, John A. Griswold, died pending appeal, and his executors obtained an order substituting them as defendants. The appeal was further prosecuted by them, and judgment had in their favor directing a new trial. Thereafter, the executors, on motion, obtained an order at Special Term, vacating the order which substituted them as defendants in the action; and from this order the plaintiff appeals.

The action did not abate as to Griswold, and, sounding in tort, it survives against his representatives.* Inasmuch as the surviving defendants, who are principals, may not be joined in an action of this nature with the representatives of the deceased Griswold, the proper practice seems to be to move for a severance of the action. † At all events these representatives having voluntarily come into the action, and having obtained judgment in their favor directing a new trial, the court will not now, on their application, vacate the order of substitution which they obtained. The order of Special Term, vacating the order of substitution, should be reversed, with ten dollars costs.

Present — TAPPEN and TALCOTT, JJ.

Order reversed with ten dollars costs.

* 2 R. S., 448; Haight v. Hayt, 19 N. Y., 464.
† The Union Bank v. Mott, 27 N. Y., 633.