(53 Misc. Rep. 4)

### MULLIGAN v. O'BRIEN et al.

(Supreme Court, Special Term, New York County. February, 1907.)

1. ABATEMENT—DEATH OF DEFENDANT—ACTIONS WHICH SURVIVE.

Where an action embracing three causes of action, namely, unlawful entry and detainer, assault and battery, and conversion of personal property, is brought against several defendants jointly, and one of them dies. the actions for unlawful entry and detainer and assault and battery abate as against the deceased, but the action for conversion of personal property survives.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, §§ 322, 324.]

2. SAME—REVIVAL.

Where one of several defendants dies before judgment, the action cannot be revived as a joint one against the survivors and the personal representative of the deceased, but may be revived as separate actions.

3. ACTIONS—JOINDER AND SEVERANCE—ABATEMENT OF CAUSE OF ACTION—STATUTORY PROVISIONS—REVIVAL OF ACTION.

Under Civ. Code Proc. §§ 758, 759, relating to procedure, where three causes of action are embraced in one action against several defendants, and on the death of one of the defendants two causes of action abate as to him, and the other survives, the court may grant a motion to sever the action, and for leave to continue it separately against the surviving defendants, and for leave to continue the action upon the third cause of action, which survived against the deceased defendant, separately against his personal representative.

Action by Agnes K. M. Mulligan against William J. O'Brien and others. Motion by the plaintiff to sever the action. Motion granted.

William G. Mulligan, for plaintiff.

Edward C. Moen, for defendant William J. O'Brien.

Foster & Spier (Frederick B. Foster, of counsel), for defendant Mary M. Barson.

GIEGERICH, J. The complaint embraces three causes of action— one for unlawful entry and detainer, another for assault and battery, and still a third for the conversion of personal property. William G. Barson, one of the defendants, having died, a motion is now made to sever the action and for leave to continue it separately against the defendants O'Brien and Charles H. Barson as if they were the only defendants named therein, and for leave to continue the action upon

·the third cause of action, namely, that for conversion of personal property, separately against the executrix of William G. Barson, deceased, as if she were the only defendant named therein.

There can be no question that the cause of action for conversion of personal property survives (Heinmuller v. Gray, 13 Abb. Prac. [N. S.] 299); nor that the cause of action for unlawful entry and detainer and that for assault and battery abated as to the defendant William G. Barson, with his death (Moseley v. Albany Northern R. R., 14 How. Prac. 71; Rogers v. Adriance, 22 How. Prac. 97). There is no difficulty in holding that this action survives in part and abates in part. Indeed, in Cregin v. Brooklyn Crosstown R. R., 83 N. Y. 595, 38 Am. Rep. 474, it was held that, where only one cause of action was stated, there would be a survival in part and an abatement in part as to that single cause of action, and that the administrator of a deceased plaintiff might, accordingly, remain entitled to recover for the loss of services of the plaintiff's wife and for expenses incurred by reason of the injuries causing her death, although such an administrator could not recover any damages for the loss of the wife's society, as the right of action for such damages died with the husband. That the action should be severed as to the third cause of action seems to be established by the authorities. In Union Bank v. Mott, 27 N. Y. 633, the court stated that, where parties are jointly and severally liable either for torts or upon contracts, the personal representatives of the deceased parties may be proceeded against by action at the same time with actions against surviving parties, but that it must be by separate actions, and not by joining both classes of defendants in one action, and that upon the decease of one of several defendants, thus liable in a joint action, such action cannot be revived as a joint action, but that there is no objection to revivor of the suit in such a case as against a representative of a deceased party as a separate action. To the same effect, see Gardner v. Walker, 22 How. Prac. 405. In opposition to the motion various authorities of other jurisdictions are quoted from, but the right of the plaintiff to the relief sought by this motion is in this state governed by statute; the provisions in respect thereto being set forth in sections 758 and 759 of the Code of Civil Procedure.

Motion granted, with $10 costs.