(119 App. Div. 355)

## MULLIGAN v. O'BRIEN et al.

(Supreme Court, Appellate Division, First Department. May 10, 1907.)

1. ACTION—SEVERANCE.

Where, pending an action against three persons on three causes of action, one of the defendants dies, whereby the first and second causes of action abate as to him, a severance as to the third cause of action, for conversion, is properly granted, so as to permit plaintiff to proceed separately thereon against decedent's executrix, on the action being revived against her.

2. PLEADING—SUPPLEMENTAL COMPLAINT—REVIVAL OF ACTION AGAINST EXECUTRIX.

It is neither necessary nor proper, on revival of an action against a deceased defendant's executrix, for the supplemental complaint against her to restate the cause of action.

Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Action by Agnes K. M. Mulligan against William J. O'Brien and others. From an order of severance and revivor (102 N. Y. S. 911, 53 Misc. Rep. 4), defendants appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Henry A. Forster, for appellants.
William G. Mulligan, for respondent.

SCOTT, J. This action was begun against William J. O'Brien, Charles H. Barson, and William G. Barson upon three causes of action—one for forcible entry and detainer, one for assault and battery, and one which appears to be designated as a cause of action for damages for the conversion of personal property, and which for the purpose of this appeal we shall assume to be such. William G. Barson has died, and the appellant Mary M. Barson has been appointed and has qualified as his executrix. The first and second causes of action have abated, so far as concerns William G. Barson, by his death. The third survives and may be continued against his personal representatives. The order appealed from severs the action, revives it as to the third cause of action against the executrix, and permits the service upon her of a supplemental complaint alleging the death of William G. Barson and the appointment and qualification of the appellant as executrix.

We think that the order should be affirmed. It was expressly held in Union Bank v. Mott, 27 N. Y. 633 that, upon the death of one defendant in an action against two for a tort wherein the liability was several, the surviving party and the personal representatives of the deceased party may be proceeded against at the same time, but that it must be in separate actions, and for that purpose the action must be

severed. That rule, which, as it seems, has never been questioned, applies to the present case. It was therefore proper to sever the action and to permit the plaintiff to proceed separately against the appellant.

The supplemental complaint is in the proper form. When an action is revived against the personal representatives of a deceased defendant, it is neither necessary nor proper to restate in the supplemental complaint the cause of action; for the former pleadings still stand, and the action proceeds upon the issues made by them. If facts have arisen which would give the personal representative defenses which were not available to him whom she succeeds, leave should be obtained to set those facts up in a supplemental answer. Flannery v. Sahagain, 109 App. Div. 321, 95 N. Y. Supp. 643. It is true that under the order appealed from the action will apparently be revived as to all three causes of action against the appellant. If as to any of them the death of her testator has worked an abatement, and they are of such a nature that they do not survive, her remedy is to set up the fact of that death by a supplemental answer.

Order affirmed, with $10 costs and disbursements.

PATTERSON, P. J., and LAUGHLIN and CLARKE, JJ., concur.

INGRAHAM, J. (dissenting). The order appealed from directs a severance of these three causes of action, so that the action should be continued against the two present defendants as to the first and second cause of action; it having abated by the death of the third defendant as to the first two causes of action. It revives the third cause of action as to the executor of the deceased defendant, and directs that that action be continued as against the executors alone. As the third cause of action survived, it was quite proper to revive it as against the personal representatives of the deceased defendant; but I think the third cause of action, as against all the defendants, should be severed from the first two causes of action. The third cause of action survived as against the personal representatives of the deceased defendant, and thus the third cause of action would continue as an independent action as against the two original defendants and the personal representatives of the deceased defendants; the action in relation to the first two causes of action to continue against the present defendants. Under the order as it stands, the third cause of action would be enforced against these two defendants in one action, and the personal representatives of the deceased defendant in another action. I do not understand that that is allowed. I think the order should be modified, by directing the severance of the third cause of action from the first and second causes of action; this action to continue as a first and second cause of action, and the plaintiff to be allowed to serve a supplemental summons and complaint bringing in the personal representatives of the deceased defendant in the severed action, and that cause of action to continue as an independent action against these two surviving defendants and the personal representatives of the deceased defendant.

The order should be modified accordingly, without costs of this appeal.