DAVID KASEN, Respondent, v. CHARLOTTE S. MORRELL et al., Defendants, and MARY R. COHEN, as Executrix of SANFORD H. COHEN, Deceased, Appellant.— In an action, in which the second amended complaint pleads 14 causes of action to recover damages and equitable relief for breach of an alleged partnership agreement, for false arrest, malicious prosecution and abuse of process, and for inducing the breach of such partnership agreement and aiding and abetting in the commission of the torts mentioned, the substituted defendant, the executrix of the estate of Sanford H. Cohen, deceased, appeals from two orders: (1) an order of the Supreme Court, Kings County, made October 19, 1959, granting plaintiff's motion to substitute her, as executrix, as a party defendant in place of the said decedent; and (2) an order of the same court, made the same date, denying the cross motion of said executrix to sever the action as against said decedent. Order granting plaintiff's motion to substitute the executrix as a party defendant, affirmed, without costs. Her time to answer the second amended complaint, as further amended by the substitution of parties, is extended until 20 days after the entry of the order hereon. Order denying the executrix' cross motion to sever the action, affirmed, without costs. The complaint alleges causes of action against the defendants as co-tort-feasors. As such their liability would be joint and several. Upon the death of such a tort-feasor, while his joint liability would abate, his individual or several liability would survive and be enforcible against his estate (2 Carmody-Wait, New York Practice, pp. 86–87). Upon the substitution of a deceased tort-feasor's executor for the purpose of enforcing the deceased's several liability, the executor does not have an absolute right to a severance of the action as against him. Under section 85 of the Civil Practice Act, whether or not a severance should be granted rests in the sound discretion of the court (*County of Erie* v. *Baltz*, 125 App. Div. 144, 145, 148; *Lane* v. *Fenn*, 76 Misc. 48; *Hobart* v. *Martin*, 1 N. Y. S. 623; *Gas Works Const. Co. of Phila.* v. *Monheimer*, 20 N. Y. S. 501, 502). To the extent that several of the early cases (*Union Bank* v. *Mott*, 27 N. Y. 633, followed by *Mulligan* v. *O'Brien*, 119 App. Div. 355) may have held that the granting of the severance is mandatory, such holdings are no longer valid. They are contrary to the broad liberal policy of the law as reflected in the current Civil Practice Act, which vests the court with the discretionary power to consolidate or sever civil actions " whenever it can be done without prejudice to a substantial right "; which permits the joinder of parties severally liable; which permits the joinder of individuals personally and in their representative capacity; which permits the joinder in one complaint of independent causes of action regardless of consistency but subject to the discretionary power of the court to direct a severance; and which permits the court to render one comprehensive judgment fixing the respective liabilities of the several codefendants to the plaintiff or to the several plaintiffs, fixing the respective liabilities of the codefendants among themselves and adjusting the equities among all the parties as justice may require (cf. Civ. Prac. Act, §§ 96, 96-a, 97, 97-a, 192, 193, 212, 258, 474, 475; *Uterhart* v. *National Bank of Far Rockaway*, 255 App. Div. 859; *Birch-Field* v. *Davenport Shore Club*, 223 App. Div. 767). The vesting of such broad discretionary powers in the court is intended to implement the fundamental policy that circuity and multiplicity of action should be avoided wherever possible. In our opinion, the discretion here exercised by the court in denying the motion for a severance is fully justified by the record and is in harmony with the liberal policies of the law stated above. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.