(7 App. Div. 167)

### MERRILL v. BLANCHARD.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

1. DEFECT OF PARTIES—TIME TO MAKE OBJECTION.
    Where two of three defendants sued as partners died before trial, and the action was tried as against the surviving partner alone, an objection made at the close of the case that one of the original defendants was not served with summons is too late.
2. SAME—NECESSARY PARTIES.
    Code Civ. Proc. § 756, provides that a cause of action against partners shall survive against the sole surviving partner. Section 1932 provides that where the summons in an action on a joint indebtedness is served on one or more, but not on all, of the defendants, plaintiff may proceed against the defendant or defendants served. *Held*, that the personal representatives of the deceased partner are not proper or necessary parties to an action on a firm liability.
3. PARTNERSHIP—LIABILITY OF RETIRING PARTNER.
    A partner is not, by retiring from the firm, relieved from liability for services rendered thereafter under a contract made before such retirement, though the services were rendered with knowledge that such partner had retired.
4. MASTER AND SERVANT—WRONGFUL DISCHARGE—DAMAGES.
    In an action to recover damages for wrongful discharge, plaintiff need not allege affirmatively that he endeavored to make the damages as light as possible.

Appeal from trial term, New York county.

Action by Melville M. Merrill against George R. Blanchard. From a judgment for $14,902.77 damages and costs, entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

The action was brought against George R. Blanchard, Rush W. Bissell, and Eaton N. Frisbie, as co-partners composing the firm of Frisbie, Bissell &

Co., for a co-partnership liability; and the two latter having died by the time the cause was reached for trial, the action was continued and tried as against this defendant. Recovery was sought upon three causes of action: (1) For breach of contract, in failing to pay a certain promissory note for $5,000 and interest, executed by said firm, dated March 23, 1885, payable one year from date; save that the complaint alleged payment of $1,211 on account. (2) For work, labor, and services rendered to the defendants, at their request, between June 1, 1886, and April 1, 1887, at an agreed compensation of $150 a month. (3) For breach of a written contract of employment of the plaintiff for five years from March 23, 1885, the date of the contract, at a stipulated sum of $150 per month.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

Wm. M. Safford, for appellant.

E. W. Tyler, for respondent.

O'BRIEN, J. The first position of the appellant is that his motion at the end of the case to dismiss the complaint should have been granted, upon the ground that although Eaton N. Frisbie, one of the partners, was made a party, he was never served with a summons, and upon his death the action was not continued against his personal representatives. It is the rule that, in an action against partners, all should be made defendants; and if the case had been reached for trial, and it appeared that necessary parties had not been sued and served, and the objection had then been made that the action was not at issue as to all the parties, it would undoubtedly have been held until the proper parties were served, and issue as to them joined, so that there could be a complete disposition of the rights of the parties had in that one action. Here, however, it appeared at the close of the case, when the objection was made, that, although joined, Frisbie was never served, and died before the trial was had. The cause of action survived against the sole surviving partner. Code Civ. Proc. § 756. And unless the court directed otherwise the suit may proceed against the defendant served. Id. § 1932. If the personal representatives of the deceased partners were proper or necessary parties either before or at the opening of the trial, a motion should have been made to bring them in, and it was too late to raise such an objection at the close of the case.

Apart from this, there is the underlying question as to whether, had such a motion been properly made, the personal representatives were proper or necessary parties. In Bank v. Lenk (Sup.) 10 N. Y. Supp. 261, it was said:

"The rule is well established that, where one of two or more joint debtors dies, his personal representatives should not be joined in an action with the survivors, except upon the allegation of the insolvency of the survivors. I see no reason why this rule does not apply to the case of a death of a joint debtor pending the action."

See, also, Hauck v. Craighead, 67 N. Y. 436; Richter v. Poppenhausen, 42 N. Y. 376; Barnes v. Brown, 130 N. Y. 386, 29 N. E. 760; Voorhees v. Child's Ex'r, 17 N. Y. 357.

These cases, we think, dispose of appellant's contention as to the necessity for bringing in the representatives of deceased partners,

because there was neither allegation nor proof that the defendant, who was the sole surviving partner, was insolvent.

If the testimony would justify the inference that, at the time the contract was made which is the basis of the second and third causes of action, the plaintiff knew that Blanchard was not a member of the firm, Blanchard would not be liable, even though the contract was made by the partnership. The plaintiff testifies that he never received any notification from Mr. Blanchard that he had retired from the firm, and never received any notice from Frisbie, Bissell & Co.'s office of the dissolution of the firm, but that he inquired of Mr. Frisbie, and he told him some time in the fall of 1885 that Mr. Blanchard had retired. Mr. Blanchard testified that he became a member of the firm, he thought, before March 23d, and retired some time in the fall of the same year. What year, he does not say, but the inference would be that it was 1885. But the contract which is the basis of the second and third causes of action was made in March, 1885, when, concededly, defendant was a member of the firm. Under it he performed services until April, 1887, for which he was paid in part, and sues here for the balance. Having been prevented from rendering, or not being required to render, further services, he demands damages for breach of the contract, for the remainder of the term of the contract. It will thus be seen that the second and third causes of action are based on the same written contract under which services were rendered for part of the term, and for the balance of the term no services were rendered.

It is insisted, however, that as plaintiff knew after the contract was made that the defendant retired from the firm of Frisbie, Bissell & Co., he is not liable for services rendered or damages accruing subsequent thereto. If we assume that it was established that defendant so relied, and plaintiff knew it, this in no way would alter his obligations to plaintiff under the contract. This precise question was recently discussed and disposed of in Bank v. Underwood, 2 App. Div. 345, 37 N. Y. Supp. 838, wherein it was said:

"The mere fact of dissolution has no effect upon the rights of third parties. It is said in T. Parsons on Partnership that no dissolution of any kind affects the rights of third parties who have had dealings with the partnership, without their consent. This is the universal rule, without any exception whatever. As the fact of dissolution has no effect upon the rights of third parties, of course the knowledge that there has been dissolution is equally unimportant."

With respect to the amount of damages the plaintiff, on cross-examination, testified as follows:

"I did not earn any money at all by any labor from April 1, 1887, until 1890. Q. Did you try to do anything? A. Nothing, except to put myself in the way of the firm of Frisbie, Bissell & Co., to collect what they ought to pay me, and do whatever they put me to do. I was kept here, and I was held subject to their dictation."

The appellant invokes the well-established law that a servant who sues for a breach of contract, in order to recover the full amount, must use reasonable diligence to obtain other employment, and thus reduce the damages. This rule, he insists, supports his exception to the court's denial of his motion to exclude all evidence upon the

third cause of action, because plaintiff did not allege that he used reasonable diligence to obtain other employment. We do not think this contention can be supported. The motion was directed to excluding all testimony bearing on the cause of action. Even though plaintiff might not be entitled to recover all he claimed, this should not preclude him from proving any damages. Nor do we understand the rule of pleading to require that plaintiff must allege affirmatively that he endeavored to make the damages as light as possible. Costigan v. Railroad Co., 2 Denio, 616. And in Howard v. Daly, 61 N. Y. 362, it is said:

"Prima facie, the plaintiff is damaged to the extent of the amount stipulated to be paid. The burden of proof is on the defendant to show either that the plaintiff has found employment elsewhere, or that other similar employment has been offered and declined, or at least that such employment might have been found. I do not think that the plaintiff is bound to show affirmatively, as a part of her case, that such employment was sought for and could not be found." 2 Greenl. Ev. §§ 261, 262; Costigan v. Railroad Co., 2 Denio, 609.

The case of Fuchs v. Koerner, 107 N. Y. 529, 14 N. E. 445, relied on by appellant, in no way militates against, but rather enforces, the views herein expressed.

We think the judgment should be affirmed, with costs. All concur.