MARY POTTS, Appellant, *v.* FRED N. DOUNCE, as Executor of OPHELIA C. DOUNCE, Deceased, Respondent, Impleaded with Others.

PLEADING — ACTION AGAINST PERSONAL REPRESENTATIVE OF DECEASED JOINT DEBTOR — INSOLVENCY OF THE SURVIVORS OR THEIR INABILITY TO PAY MUST BE ALLEGED — CODE CIV. PRO. § 758. While section 758 of the Code of Civil Procedure, relating to proceedings upon the death or disability of a party, provides that "the estate of a person or party jointly liable upon contracts with others shall not be discharged by his death, and the court may make an order to bring in the proper representative of the decedent, when it is necessary so to do for the proper disposition of the matter," that section does not dispense with the necessity of appropriate averments and proof of the insolvency, or the inability to pay, of the surviving joint debtors when joining the personal representatives of the decedent as defendants in an action upon the contract. The section creates the legal liability, but does not change the rule of procedure, and the remedy to enforce the liability is to be pursued upon such pleadings and proofs as would show an equitable reason for joining the personal representatives of a deceased joint debtor as defendants in an action against the survivors upon the contract.

*Potts* v. *Baldwin,* 67 App. Div. 434, affirmed.

(Argued January 9, 1903; decided January 27, 1903.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered December 16, 1901, affirming a judgment in favor of defendant entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. J. Baldwin* and *Cassius A. Phillips* for appellant. The personal representatives of the decedent Ophelia C. Dounce were properly joined in this action. The complaint was properly framed and under the evidence the plaintiff was entitled to recover against all of the defendants. (*Getty* v. *Binsse*, 49 N. Y. 385; *Wood* v. *Fisk*, 63 N. Y. 245; *Risley* v. *Brown*, 67 N. Y. 160; *Richardson* v. *Draper*, 87 N. Y. 337; *Johnson* v. *Harvey*, 84 N. Y. 363; *Bradley* v. *Burwell*, 3 Den. 61; *Randall* v. *Sackett*, 77 N. Y. 480; *Barnes* v. *Seligman*, 55 Hun, 349; *Chard* v. *Hamilton*, 56 Hun, 259; *Smith* v. *Osborne*, 31 Hun, 390.)

*Judson A. Gibson* for respondent. The referee correctly held that the defendant Fred N. Dounce, as executor of Ophelia C. Dounce, a joint maker of the promissory note in question, was improperly joined in this action under the allegations of the complaint. (Code Civ. Pro. §§ 1932, 1947; *Barnes* v. *Seligman*, 55 Hun, 349; *Pope* v. *Cole*, 55 N. Y. 127; *F. N. Bank* v. *Lenk*, 32 N. Y. S. R. 191; 123 N. Y. 638; *Merrill* v. *Blanchard*, 7 App. Div. 167; 158 N. Y. 682; *Barnes* v. *Brown*, 130 N. Y. 372; *Matter of Robinson*, 40 App. Div. 23; *Randall* v. *Sackett*, 56 How. Pr. 225; *Hoyt* v. *Bonnett*, 50 N. Y. 538; *Richter* v. *Poppenhausen*, 42 N. Y. 373.)

Gray, J. This was an action upon a promissory note, made in the following form: "$1,000.00. Elmira, N. Y. May 21, 1892. Two years after date we promise to pay to the order of Mary Potts one thousand dollars, with interest, value received. Interest payable semi-annually. (Signed) Francis

E. Baldwin, Mary S. Daggett, Julia E. Smith, Ophelia C. Dounce." The complaint, simply, alleged the making of the note; the death of Ophelia C. Dounce, one of the makers, and the issuance of letters testamentary to the executor named in her will, who is joined as a defendant with the three survivors of the makers, and, finally, the non-payment of the note. The only answering defendant was the executor, who, *inter alia*, alleged that the note in suit was a joint and not a several note; that, upon her death, the obligation of Ophelia C. Dounce was discharged and that her executor was improperly joined in the action. Upon the opening of the trial, counsel for the executor moved for the dismissal of the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. At the conclusion of the trial, a similar motion was made, with the additional ground stated that the evidence failed to make out a cause of action against the executor and showed that he was improperly joined as a party defendant. No application was made to amend the complaint. The referee, before whom the case was tried, upon the issues raised by the executor's answer to the complaint, found, among other facts, that the note was made to the plaintiff upon her advancement of the moneys to the makers for the benefit of a corporation, of which they were officers and trustees. He decided that, upon the pleadings and the facts, the executor was entitled to a dismissal of the complaint and directed judgment accordingly. The judgment entered upon the referee's decision was unanimously affirmed and the plaintiff has appealed to this court.

The question, which comes here, is whether the executor of one of the deceased makers of the note was properly joined as a defendant. The theory of the decision below, and, in my opinion, it is correct, was that, as this was a joint note of the makers, it was necessary to the sufficiency of the plaintiff's cause of action against the executor that she should allege in her complaint and prove upon the trial the insolvency of the survivors, or the inability to recover against them. The position of the appellant, as I view it, is that section 758 of the Code of Civil Pro-

22

cedure, as amended in 1877, has changed the rule with regard to joint debtors and now authorizes the maintenance of an action against the personal representatives of a deceased joint debtor, in the same way as though the contract creating the liability had been joint and several. Section 758 is enacted in that part of the Code, which relates to " Proceedings upon the death or disability of a party, or the transfer of his interest " and provides that, in case of the death of one or two or more plaintiffs, or defendants, if the entire cause of action survives to, or against, the others, the action may proceed in favor of, or against, the survivors ; " but the estate of a person or party, jointly liable upon contract with others, shall not be discharged by his death, and the court may make an order to bring in the proper representative of the decedent, when it is necessary so to do for the proper disposition of the matter." While this section, by its place in the Code, is applicable to the case of the death of a party pending the action, it must, nevertheless, be regarded as making a material alteration in the law and as imposing a liability where none existed before. (*Randall* v. *Sackett*, 77 N. Y. 480.) But there is no reason for holding that the section dispenses with the necessity of appropriate averments and proof of the insolvency, or the inability to pay, of the surviving joint debtors, when joining the personal representatives of the deceased debtor as defendants, in an action upon the contract. The section creates the legal liability ; but it does not prescribe the procedure. To hold otherwise would be to lose sight of an essential distinction between the engagement of a joint debtor and that of a joint and several debtor. That remains as it always has been. Upon the death of the former, the survivors become principal debtors and it is then their duty to discharge the obligation assumed ; although they would have the right to compel contribution from the estate of the deceased. In this case, the deceased maker was a joint debtor, and not a mere surety. At common law, her death would have terminated her liability ; but, while no action at law could have been brought against her estate, as she

was a joint debtor, equity, if an inability to collect from the survivors were shown, would have allowed a recovery against the estate. (1 Parsons on Contracts, 30; *Grant v. Shurter*, 1 Wend. 148; *Richardson v. Draper*, 87 N. Y. 337.) Section 758 of the Code, now, by continuing the legal liability of the estate of the deceased, enables that liability to be enforced in an action at law. It effects, directly, what, formerly, equity intervened to accomplish. But, while the legal rule of liability has been changed, the rule of procedure is not and when the personal representatives of the deceased joint debtor are directly proceeded against at law, the plaintiff should, still, allege and prove the insolvency, or inability to pay, of the survivors. The principle of liability of debtors upon a joint contract should make that proposition sufficiently clear, in my opinion. (See *Barnes v. Brown*, 130 N. Y. 372; *First National Bank v. Lenk*, 32 N. Y. S. R. 191; affd., 123 N. Y. 638; *Merrill v. Blanchard*, 7 App. Div. 167; affd., 158 N. Y. 682.) The principle is the same whether the contract be an ordinary joint undertaking, or one of partnership. In *Pope v. Cole*, (55 N. Y. 124), which was for the recovery of a partnership debt against the executrix of a deceased partner, Judge Grover observed, in his opinion, that "payment of a joint debt, when no partnership between the debtors ever existed, can be enforced out of the estate of one of the deceased debtors under the same circumstances only as in the case of partners, that is, by showing an inability to collect the debt from the survivor." In *Barnes v. Seligman*, (affirmed here, *supra*), the question was discussed by the General Term of the first department, (55 Hun, 339, 349), whether there was any limitation of the doctrine to cases of partnership contracts. It was held, upon the authority of *Pope v. Cole*, that there was no reason for the limitation and that the principles upon which the cases proceeded, which held that proof of insolvency under proper averments was necessary in order that a recovery might be had against the representatives of the deceased partner, make no such distinction as was claimed, inasmuch as "that it was

not a legal right which is attempted to be enforced, but an equitable one." I perceive no legal distinction between survivorship as between copartners and survivorship as between joint debtors.

I think we should hold that, while section 758 creates a liability which did not exist at common law, it does not affect the procedure and that the remedy to enforce the liability is to be pursued upon such pleading and proofs, as would show an equitable reason for joining the personal representatives of a deceased joint debtor as defendants in the action against the survivors upon the contract.

I think the judgment below was right and should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, HAIGHT, MARTIN, VANN and CULLEN, JJ., concur.

Judgment affirmed.