The principle contended for, if generally applied, would involve most mischievous consequences. One signing a petition to the commissioners of highways to lay out a road would be estopped from showing that the proceedings based thereon were not legal, and hence the road might be adjudged a legal highway as to him, while it was not as to the public generally. The cases calling for its application, it is readily seen, would be quite numerous, and the consequences would create much confusion and hardship."

There is no force in the claim that by the deed from Brock to Johns the street as laid out was recognized and approved of. The entire description in that deed is an exact copy of the description contained in the deed from Olshoffsky to Brock in 1882, and in the lease from the Indians to Olshoffsky in 1880. And it is expressly provided at the end of the description in the deed from Brock to Johns that it is intended to convey the same premises that had in 1882 been conveyed by Olshoffsky to Brock.

We think the decision and judgment of the trial court should not be sustained.

Judgment reversed, and new trial ordered, with costs to appellant to abide event, upon questions of law and fact. All concur, except McLENNAN, P. J., who dissents.

---

### ERIE COUNTY v. BALTZ et al.

(Supreme Court, Appellate Division, Fourth Department. March 4, 1908.)

1. EXECUTORS AND ADMINISTRATORS—LIABILITIES OF DECEDENT—JOINT AND SEVERAL OBLIGATION—RIGHT OF ACTION.

The rule that in an action against the personal representative of a deceased joint debtor it must be alleged and proved that the debt cannot be collected against the surviving joint debtors, has no application to an action on an undertaking, the obligation of which is joint and several.

2. SAME—PARTIES.

A complaint on an undertaking, the obligation of which is joint and several, uniting the surviving sureties and the personal representatives of deceased sureties, is not bad as for a misjoinder of parties defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 1783.]

3. ACTION—JOINDER—SINGLE CAUSE OF ACTION.

A complaint on an undertaking, the obligation of which is joint and several, uniting the surviving sureties and the personal representatives of deceased sureties, does not allege two separate causes of action, one against the survivors and the other against the deceased sureties and their personal representatives, nor one against the deceased sureties and another against their personal representatives, but the cause of action is one and the same against all.

4. COUNTIES—TREASURER—LIABILITIES ON OFFICIAL BONDS—DEFENSES.

The defense to liability on an undertaking given by a county treasurer binding the sureties and their personal representatives that surety died before the treasurer's default is not well taken.

5. SAME—PLEADING—CONSTRUCTION.

A complaint, on an undertaking given by a county treasurer, alleging, in each of 10 counts, loss of moneys resulting from illegal dealing therewith, and a failure to pay the same over to his successor, and that the treasurer neglected to perform his duty to make reports, and that the treasurer "by reason of the facts aforesaid, in addition to the obligations hereinbefore set forth, incurred the penalty of $1,200 provided by statute,

which amount this plaintiff is entitled to recover from these defendants in addition to (the amount of money actually lost as alleged)," does not state a cause of action, in each count, both under County Law, § 147, Laws 1892, p. 1777, c. 686, as amended by Laws 1901, p. 290, c. 112, requiring a county treasurer to deliver to his successor all money in his hands, imposing a penalty for failure to do so, and authorizing his successor to recover the same in the name of the county under direction of the State Comptroller, and under section 148 providing that if the treasurer shall neglect to make any report required he shall forfeit not less than $100 nor more than $500 to be recovered by the district attorney in the name of the county, but, notwithstanding the allegation that the treasurer failed to report, states but one cause of action in each count, and that under section 147, which construction of the complaint is fortified by the fact that each count was designated as but one cause of action, and by the fact that the action was brought by the treasurer's successor, under direction of the State Comptroller, and not by the district attorney.

6. SAME—LIABILITY OF SURETIES.

Under County Law, § 147, Laws 1892, p. 1777, c. 686, as amended by Laws 1901, p. 290, c. 112, requiring a county treasurer to deliver to his successor the books and papers belonging to the office and all moneys in his hands, imposing a penalty for failure to do so, and authorizing his successor to recover such forfeitures, books, and moneys on the official undertaking of the treasurer, the sureties as well as the treasurer are liable for the penalty.

Williams and Robson, JJ., dissenting in part.

Appeal from Special Term, Erie County.

Action by the county of Erie against George Baltz and Jacob Dold and others, as executors of the will of Philip Houck, deceased, and others. Judgment overruling a demurrer to the complaint, and defendants appeal. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Arthur W. Hickman, for appellants.

Philip A. Laing, for respondent.

KRUSE, J. The undertaking given for the faithful discharge of the duties of the defendant, Baltz, as county treasurer of Erie county, is a several as well as joint obligation. The rule, therefore, that in actions against the personal representatives of a deceased joint debtor it must be alleged and proved that the debt cannot be collected against the surviving joint debtors, has no application to this case. That, and the other questions in this case, are fully discussed in the opinion of Mr. Justice Williams, and, with the views expressed therein, we all agree save in one respect. We differ over the conclusion there reached, that causes of action to recover penalties, under section 148 of the county law (Laws 1892, p. 1777, c. 686), are pleaded in the complaint. If such conclusion is correct, then manifestly the complaint is objectionable in improperly uniting such causes of action with others therein set forth. It seems to me, however, that there is but one cause of action stated in each of the 10 separate statements of facts, and that is for the failure by the defendant, the county treasurer, to pay over to his successor money and property held in trust by him, and to recover the value thereof, with interest, and the penalty, as provided by section 147 of the county law. The statement

interjected therein, that the defendant county treasurer failed to report, does not, it seems to me, make a separate cause of action to recover an additional penalty under section 148 of the county law. That, and the other allegations showing that the county treasurer failed in his duty, in respect to this money and property, may not have been necessary, or even proper in the complaint. The evident purpose of these allegations was to show that the defendant county treasurer misappropriated the money and property so held by him in trust, and converted the same to his own use, thus putting it out of his power to deliver the same over to his successor in office.

Very true, the mere failure to pay over makes a cause of action, but his allegation of a failure to report, and other like allegations, should not be taken out of their connection with the statement of facts as a whole, to spell out a separate and independent cause of action thereon, when it seems evident that it was not so intended. When read in connection with the other allegations, I think there is but one cause of action alleged, or attempted to be stated. This view is fortified by the fact that each statement of the 10 statements of facts is designated as but one cause of action, and the nature of the cause of action is characterized by the fact that it is brought by a successor of the defendant county treasurer, in the name of the county, and is authorized and directed by the State Comptroller, as is provided by said section 147 of the county law, while the action for a penalty for a failure to report, under section 148 of the same law, must be brought by the district attorney.

I think the demurrer was properly overruled, and that the interlocutory judgment entered thereon should be affirmed, with costs, with leave to plead over upon the usual terms.

McLENNAN, P. J., and SPRING, J., concur.

WILLIAMS, J. (dissenting). The interlocutory judgment should be reversed and the demurrer sustained, with costs to the appellants, and with leave to plead over on paying costs of this appeal and of the demurrer.

The action is brought upon an undertaking given by defendant Baltz, as principal, and Wiell, Beyer, Howard, Roth, Dilcher, Kam, Shire, A. E. Georger, Hoffeld, Schoelkopf, Houck, F. A. Georger, Newport, and Hauenstein as sureties, in the sum of $250,000, for the faithful discharge, by the principal, of the office of county treasurer of Erie county. The full condition of the undertaking is set forth in the complaint. Baltz was elected, at the general election in 1893, for three years, his term commencing January 1, 1894. The undertaking was given December 15, 1893. He qualified and entered upon the performance of the duties of the office and served through his term. Ten causes of action are set out in the complaint, in each of which Baltz is charged with misconduct in office and loss of moneys coming into his custody as county treasurer, and in each of which it is sought to recover a penalty of $1,200 in addition to the moneys so lost. Judgment is demanded for a total of

$31,437.20, and interest on $11,506.26, from June 1, 1906. The action was brought in December, 1906.. Several of the sureties on the bond were then deceased, and their personal representatives were made defendants. Among these was Mr. Houck. The date of his death is not alleged, but his will was admitted to probate in February, 1896, and the executors surviving at the time the action was commenced are parties defendant. These executor defendants demur to the complaint, as does also Mr. Dold, one of the original sureties upon the undertaking. There are some 20 odd grounds of demurrer stated by each defendant, but the appellants seem to regard them all covered by the 6 grounds referred to and discussed in their points.

First. A defect of parties defendant. The defect claimed is rather a misjoinder of parties, viz., the executors of the deceased Houck, and the surviving sureties. Possibly this ground is properly stated as a defect, under section 488, Code Civ. Proc. At any rate we are not left in doubt as to the real ground insisted upon, that the surviving parties to the undertaking cannot be united as defendants with the personal representatives of those who are deceased.

Second. An improper joinder of causes of action, one against the original sureties, and the other against personal representatives of the deceased sureties, all upon the same undertaking. These two grounds may as well be considered together, as they are intimately connected. The undertaking was in form joint and several, and bound the personal representatives, of the obligors. The rule at common law was that, if one of two or more joint obligors died, his estate was discharged. In such cases, however, if the surviving joint obligors were insolvent, equity would enforce the debt against the estate of the deceased obligor. By section 758 of the Code of Civil Procedure, it was provided that in such case the estate of the joint obligor should not be discharged by his death, but the court might bring in the proper representatives of the estate. The Court of Appeals in Potts v. Dounce, 173 N. Y. 335, 66 N. E. 4, held the effect of this section of the Code was to charge the law but not the procedure. The estate could thereafter be proceeded against in an action at law whereas before it could only be by action in equity, but in the action at law it must be shown that the surviving obligors were insolvent, the same as in equity. Otherwise, the survivors would be left to pay and would have their remedy over against the estate. It was never the law, however, that where a joint and several obligor died his estate was discharged. In such a case under section 758 (above), the court might order a severance of the action so that it could proceed severally against the estate and survivors. The effect of this section 758 would seem to be that, when the joint or several debtor died pending the action, the personal representatives might be brought into the same action, or where the liability was several as well as joint the action might be severed, if the court so elected. Apparently, in either case, the action might proceed with the survivors and the representatives of the deceased, both parties. No statute forbids it. The Court of Appeals so held in

case of death, during the pendency of the action, in Eaton v. Alger, 47 N. Y. 345, and Douglass v. Ferris, 138 N. Y. 192, 33 N. E. 1041, 34 Am. St. Rep. 435. It expressed a contrary opinion in Union Bank v. Mott, 27 N. Y. 633, but as will be observed by the closing of that opinion itself the discussion of that question was not necessary to the decision of the case. It was not properly before the court. The case was decided upon an entirely different ground. The appeal was dismissed because the rights of the appellant were in no way affected by the order appealed from. All these cases were decided prior to the passage of section 758 (above), excepting Potts v. Dounce, and there is no suggestion in that case that the survivors and representatives of a deceased obligor if joint, or joint and several obligors, could not be united in the same action. If their rights could be determined when brought in by reason of a death occurring during the pendency of the action, then they could be determined equally as well where the death occurred before the action was commenced. If it be said a difficulty arises in joining the survivors and representatives of the deceased obligors, that the same judgment cannot be rendered against both, I reply that the same difficulty would be presented where the representatives are brought in by reason of a death occurring after the action is brought, and, moreover, there may be separate judgments, in cases where the defendants are severally liable. Sections 455, 456, Code Civ. Proc. There are not two separate causes of action alleged, one against the survivors and the other against the deceased and his executors, nor one against the deceased and another against his executors. The cause of action is the one and the same against all of them, the survivors and the estate of the deceased. I do not think these two grounds of the demurrer are well taken.

Third. The complaint while it may state facts sufficient to constitute causes of action against the surviving obligors does not as against the deceased or his executors. Houck died before the office of the treasurer expired, and his failure to account for the moneys alleged to have been received must have occurred after this surety's death, and it is said his estate could not be liable for any default occurring after his death. No authority is cited for this proposition, and the contrary is very likely the true rule, as held in Mundorff v. Wangler, 44 N. Y. Super. Ct. 495, and Stevens v. Stevens, 2 Dem. Sur. 470, and cases therein cited. The undertaking in form binds the executors, etc., of the obligors, by which is meant their estates. For any breach of the undertaking their estates would undoubtedly be liable. I think this ground of demurrer not well taken.

Fourth. Several causes of action are improperly joined in each count or cause of action in the complaint, viz., (1) for loss of moneys by reason of illegally dealing therewith, and failure to pay the same to his successors; (2) for a penalty of $1,200, under section 147 of the county law, chapter 686, p. 1777, Laws 1892, as amended by chapter 112, p. 290, Laws 1901; and (3) for a penalty for neglect to

file reports under section 148 of the county law. I do not state this claim in the language of the demurrers, but as it is really treated by the appellants.

Fifth. The causes of action for penalties do not constitute causes of action against the sureties in the undertaking.

Sixth. Practically the same as the fifth. These last three grounds may all be considered together, as they are intimately connected. The respondent disclaims any intention to allege causes of action for any penalties under section 148 of the county law, but claims the action is solely for moneys lost and not paid over to the successor in office and the penalty of $1,250 therefor, under section 147 of the county law. If this be true, then why are the failures to file reports alleged in the complaint? Section 147, as originally passed and as amended, makes no reference to neglect to file reports anywhere. Nor does it give any penalty or forfeiture for any such failure to file report. Section 148 does provide a forfeiture for neglect to make the reports—of $100 to $500. Actions under both sections are to be brought in the name of the county; those under section 147, by the successor in office, under the direction of the Comptroller; those under Section 148, by the district attorney of the county. This action is brought in the name of the county by the direction of the Comptroller. It is not alleged that the district attorney has anything to do with the action. Each count of the complaint alleges that it was the duty of the treasurer to make the reports, and that he neglected to perform that duty, in addition to alleging loss of moneys resulting from illegal dealing therewith, and a failure to pay the same over to his successor, and then, with all these allegations in the count, closes with the words:

"That the said George Baltz by reason of the facts aforesaid, in addition to the obligations hereinbefore set forth, incurred the penalty of $1,200, provided by statute, which amount this plaintiff is entitled to recover from these defendants in addition to, etc., etc. (the amount of money actually lost as alleged)."

Very likely there was no design to recover under section 148, because the action was not brought by the district attorney. The amount of the penalty named—$1,200—was largely in excess of that allowed by section 148 ($100 to $500); but all the facts were alleged necessary to constitute a cause of action under section 148, and it is doubtful if the respondent can escape the demurrer by saying there was no design to allege such a cause of action. The allegations as to the duty and neglect to make the reports have no proper place in the pleadings on the respondents' theory of the case. The appellants might well say that, at the trial, they may be met with an attempt to establish causes of action under section 148. The stating of the penalty—$1,200—was very likely a mistake; $1,250 was intended, as provided by section 147. It seems to me that the various counts of the complaint are demurrable for the reasons here stated.

The remaining question raised is whether the sureties are liable for the penalty, under section 147 of the county law, which is

sought to be recovered. This section provides for the recovery of
"such forfeitures, books, papers or money due by action or other le-
gal proceedings in the name of his county upon the official under-
taking of such former county treasurer, or as otherwise authorized
by law." The recovery for the forfeitures, as well as the books,
papers, and moneys, is provided to be upon the official undertaking.
The undertaking was that the treasurer should faithfully execute
the duties of the office, and pay over according to law, and account
for all moneys, property, and securities. The penalty was pro-
vided for a violation in part at least of this undertaking, and there
would be no reason for providing the penalty should be recovered
in an action upon the undertaking unless the sureties as well as
the treasurer himself were to be held liable therefor. The inten-
tion of the statute was apparently to make them so liable, and the
undertaking was made in view of this statutory provision.

I think the sureties are liable for such penalties as were incurred
under this section 147. There can be no doubt, I think, that the
estate of a deceased surety is liable for whatever the surety him-
self would have been, if living and in court. I have not quot-
ed these two sections of the county law in my opinion. They can
be referred to by looking into the Session Laws of 1892, p. 1777,
c. 686, and Session Laws 1901, p. 290, c. 112.

ROBSON, J., concurs.