HENTZ v. HAVEMEYER et al.

(Supreme Court, Appellate Division, Second Department.  April 23, 1909.)

PARTNERSHIP (§ 258*)—DEATH OF PARTNER—ACTIONS.

Under Code Civ. Proc. § 758, providing that on the death of one of two or more defendants, if the entire cause of action survives to or against the others, the suit may proceed as to the others, but that the estate of one jointly liable upon contract shall not be discharged by his death, etc., representatives of a deceased partner are not exempt from suit for a partnership debt, nor from being substituted for decedent in an action already begun, until remedy against the surviving partner is exhausted.

[Ed. Note.—For other cases, see Partnership, Dec. Dig. § 258*.]

Appeal from Special Term, New York County.

Action by Henry Hentz against Louisine W. Havemeyer and others. From an order permitting plaintiff to withdraw a demurrer to a defense and to bring in new defendants, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Herbert Parsons, for appellants.

Barclay E. V. McCarty (Jared G. Baldwin, Jr., on the brief), for respondent.

MILLER, J.  This action was brought against Henry O. Havemeyer and Charles H. Senff upon a claim against them as copartners. The appellants contend that the representatives of a deceased partner cannot be sued for a partnership debt, or substituted in the place of their decedent in an action already begun, unless the surviving partner is insolvent, or until the remedy against him has been exhausted. It is also contended that the motion should have been denied for laches, and that the appellant Senff was prejudiced by the permission granted the plaintiff to withdraw the demurrer without previous notice to him of the application.

Prior to the enactment of section 758 of the Code of Civil Procedure, the law was in this state that the representatives of a deceased partner could not be sued at law by a creditor of the partnership, but could only be proceeded against in equity, and then only when the surviving partners were insolvent or had been proceeded against to execution at law. Voorhis v. Childs' Executor, 17 N. Y. 354; Pope v. Cole, 55 N. Y. 124, 14 Am. Rep. 198. Said section of the Code provides:

"In case of the death of one of two or more plaintiffs, or one of two or more defendants, if the entire cause of action survives to or against the others, the action may proceed in favor of or against the survivors. But the estate of a person or party jointly liable upon contract with others shall not be discharged by his death, and the court may make an order to bring in the proper representative of the decedent, when it is necessary so to do, for the proper disposition of the matter."

The effect of that section was to create a legal liability where there had formerly been liability enforceable only in equity. Potts v. Dounce, 173 N. Y. 335, 66 N. E. 4. That case decided that, though the representatives of a deceased joint debtor could now be sued at

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

law, the rule of procedure had not been changed, and that inability to collect from the surviving joint debtors must still be shown. But it did not decide that the insolvency of the surviving partners alone justified a suit against the representatives of the deceased partner.

The respondent admits that the statute of limitations pleaded by the appellant Senff is a bar to the action against him, but states facts tending to show that the statute never ran against the deceased partner because of his nonresidence, wherefore the plaintiff contends that inability to collect from the surviving partner is shown, and that therefore a suit at law may be maintained against the representatives of the deceased partner. It is unnecessary now to enter into any discussion of the theory upon which equity, to accomplish justice, allowed liability to be enforced by a creditor against the representatives of a deceased partner or joint debtor, or to inquire whether such a suit could have been maintained in equity, except in the single case of the inability of the surviving debtors to pay, because now, under the statute, the legal liability survives the death of the joint debtor, and all that Potts v. Dounce, supra, decided was that the rule of procedure had not been changed. The precise question before us was not involved in that case, and we are not aware of any case deciding it.

The statute expressly provides that the estate of a person jointly liable upon contract with others shall not be discharged by his death. That does not mean that the estate shall be discharged unless the surviving partners are insolvent, and, while the court might preserve the rule or order of procedure not changed by the statute, it cannot modify the express provisions of the statute. The liability of the estate is the same as that of the decedent, the order of its enforcement only is different. The law certainly does not require a vain thing, or the impossible, as a condition of enforcing a legal liability. If the appellant's position is sound, we would have the anomaly of a legal liability against one person which could never be enforced for the reason that the statute barred an action against another person.

The question of laches, therefore, becomes immaterial. If the executors may be sued, they are not prejudiced by being substituted as defendants in a suit already begun; and for the same reason the appellant Senff cannot complain, whatever may be the rule as to his ultimate obligation to contribute. It is usual to grant leave to withdraw a demurrer as of course, and no reason is suggested why that was not properly done in this case.

The order should be affirmed, with $10 costs and disbursements. All concur.