## SELIGMAN v. FRIEDLANDER.

(Supreme Court, Appellate Division, First Department.　June 3, 1910.)

1. ACTION (§ 60*)—SEVERANCE OF ACTIONS.

　　Where one of several joint and several obligors dies, the court, as authorized by Code Civ. Proc. § 758, may order a severance of the action, so that it may be prosecuted separately against the estate of the deceased and the survivor.

　　[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 699–707; Dec. Dig. § 60.*]

2. PARTNERSHIP (§ 203*)—LIABILITY OF PARTNERS—STATUTES.

　　Under Laws 1909, c. 44 (Consol. Laws, c. 39) § 6, providing that every general partner is liable to third persons for all obligations of the firm jointly and severally with his general partners, general partners may be sued separately at law, and on the death of a partner pending action

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

against him the action may be revived against his personal representative.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 375; Dec. Dig. § 203;* Abatement and Revival, Cent. Dig. §§ 325, 424, 425.]

3. PARTNERSHIP (§ 203*)—LIABILITY OF PARTNERS—STATUTES.

Where an action against surviving partners, not served with summons in an action in which the partner who was served died pending action, is barred by limitations, the representative of the deceased partner should be substituted as defendant, irrespective of the statute making defendant partners jointly and severally liable.    '

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 375; Dec. Dig. § 203;* Abatement and Revival, Cent. Dig. §§ 325, 424, 425.]

Appeal from Special Term, New York County.'

Action by Joseph Seligman against Albert Friedlander. From an order denying a motion to revive an action and for leave to serve a supplemental complaint, plaintiff appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Frederick M. Czaki, for appellant.
Edmond E. Wise, for respondent.

McLAUGHLIN, J.   Action to recover for services alleged to have been rendered to the firm of A. Friedlander & Co., which was composed of defendant Friedlander and one Faber and Potosky.   The action was commenced in January, 1908, by service of the summons on Friedlander, who died in June, 1909.   Faber and Potosky were never served with the summons, and on plaintiff's application an order was entered discontinuing the action as to them.   After the death of Friedlander, a motion was made to revive and continue the action in the name of his executors, and for leave to serve a supplemental complaint.   The motion was denied, and the appeal is from such order.

The motion to revive the action was apparently denied upon the ground that the plaintiff should proceed against the surviving partners.   This might be correct if the obligation of the partners were joint; but it is not when the obligation of the partners is joint and several.   In the latter case a plaintiff has the legal right to proceed against the representatives of the deceased defendant, if he so desires. It was never the law that, where a joint and several obligor dies, his estate cannot be proceeded against.   Under section 758 of the Code of Civil Procedure, the court, in such case, might order a severance of the action, so that it could proceed separately against the estate and the survivors.   Potts v. Dounce, 173 N. Y. 335, 66 N. E. 4; County of Erie v. Baltz, 125 App. Div. 144, 109 N. Y. Supp. 304.

Here the obligation of the partners was joint and several.   The statute (chapter 44, Laws 1909, § 6 [Consol. Laws, c. 39, §' 6], formerly section 6, c. 420, Laws 1897) expressly provides that:

"Every general partner is liable to third persons for all obligations of the partnership jointly and severally with his general partners."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The statute fixes the liability, and, irrespective of what may have been thought to have been the law heretofore (Leggat v. Leggat, 79 App. Div. 141, 80 N. Y. Supp. 327, affirmed on opinion below 176 N.. Y. 590, 68 N. E. 1119), if language means anything, then general partners are jointly and severally liable to the creditors of the firm.    If severally liable, then each could have been sued separately at law, and in case of death the. action could be revived against the personal representatives of the deceased defendant.    Douglass v. Ferris, 138 N. Y. 192, 33 N. E. 1041, 34 Am. St. Rep. 435.

I am of the opinion that the motion should have been granted for another reason.    The fact is not disputed that the statute of limitations would prevent the successful prosecution of an action against Faber and Potosky.    That being so, the representatives of Friedlander should have been substituted; and this irrespective of the provisions of the statute making general partners jointly and severally liable.    Hentz v. Havemeyer, 132 App. Div. 56, 116 N. Y. Supp. 317, is directly in point.    .

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.    All concur.