(76 Misc. Rep. 48.)

### LANE v. FENN et al.

(Supreme Court, Special Term, Monroe County. February 29, 1912.)

1. ABATEMENT AND REVIVAL (§ 73*)—CONCLUSIVENESS—QUESTIONS CONCLUDED.
   An order reviving an action against a representative of a deceased defendant sued with others as joint tort-feasors does not prejudice any right either party may have to proceed separately against the representative.
   [Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 403–411, 417–428; Dec. Dig. § 73.*]

2. TORTS (§ 22*)—JOINT TORT-FEASORS—JOINT AND SEVERAL LIABILITY.
   One joining with others in committing a tort is jointly and severally liable, and he is directly individually answerable for the entire damage, and he may be sued singly, or all the tort-feasors may be held jointly liable and united as defendants.
   [Ed. Note.—For other cases, see Torts, Cent. Dig. §§ 29, 31; Dec. Dig. § 22.*]

3. PARTIES (§ 26*)—JOINT AND SEVERAL LIABILITY—STATUTES.
   Code Civ. Proc. § 454, providing that persons severally liable on the same written instrument may be included as defendants in the same action, does not change the common-law rule that persons severally but not jointly liable for a claim may not be joined as defendants in the same ac-

*For other cases see same topic & § NUMBER in Dec. &·Am. Digs. 1907 to date, & Rep'r Indexes

tion, except two or more persons severally liable on a written instrument may be joined as defendants in a suit at law.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 32–34; Dec. Dig. Dig. § 26;* Contracts, Cent. Dig. §§ 1605–1613½.]

4. ABATEMENT AND REVIVAL (§ 73*)—DEATH OF A CODEFENDANT—RIGHT OF PLAINTIFF.

Under Code Civ. Proc. § 758, providing that in case of death of one or more defendants, if the entire cause of action survives against the others, the action may proceed against the survivors, etc., a plaintiff on the death of one of several defendants may proceed against the surviving defendants as the only parties liable, or he may apply for an order to bring in the representative of the deceased defendant and continue the suit against the executor and the remaining original defendants, and where the liability of the original defendants was joint and several, plaintiff may pursue either remedy, or the court may, on bringing in the executor, order a severance so that the action shall proceed as two actions.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 403–411, 417–428; Dec. Dig. § 73.*]

5. ABATEMENT AND REVIVAL (§ 73*)—DEATH OF CODEFENDANT—RIGHT OF PLAINTIFF.

Under Decedent Estate Law (Consol. Laws 1909, c. 13) § 120, giving a right to bring actions against executors or wrongdoers in the same manner and with like effect as actions founded on contract, and Code Civ. Proc. § 758, providing for the prosecution of actions on the death of one of two or more defendants, a plaintiff in an action against joint tortfeasors may, on the death of one, bring in the executor of the deceased defendant and proceed against the executor and the other defendants in one action unless a severance is necessary in furtherance of justice.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 403–411, 417–428; Dec. Dig. § 73.*]

Actions by Charles M. Lane against Lily B. Fenn, as executor of Albert O. Fenn, deceased, and others. Motion by defendant named for an order severing the actions and requiring plaintiff to proceed separately against the executor and to serve a supplemental complaint. Denied.

See, also, 65 Misc. Rep. 336, 120 N. Y. Supp. 237; 140 App. Div. 921, 125 N. Y. Supp. 1127.

Walter S. Hubbell, for the motion.
James M. E. O'Grady and John Desmond, opposed.

SUTHERLAND, J. [1] In each of these actions, in which the plaintiff claims damages for alleged fraudulent representations, Albert O. Fenn and others were joined as defendants. He died March 26, 1910, and December 27, 1911, on motion of the plaintiffs, an order was made reviving each action against Lily B. Fenn, as executor of his will, and substituting her as a defendant in the place of said decedent. That order does not prejudice any right that either party may have to move for a severance of the action. Arthur v. Griswold, 60 N. Y. 143. The executor now moves for an order severing each action and requiring the plaintiff to proceed separately against her, and to serve a supplemental complaint. In the present motion as framed a severance is demanded by the executor as a matter of absolute right under the law applicable to such cases; no special rea-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sons being shown why a severance should be ordered in the exercise of any discretionary power that the court may possess in that respect.

The question presented by this motion does not turn upon any supposed difficulty in trying a case or entering an appropriate judgment against an executor conjointly with other defendants, but depends for its solution upon the nature of the surviving liability of the estate and the procedure furnished by the statutes of the state for judicially ascertaining and declaring that liability.

[2] Going back for a moment to elemental principles, if we assume that the allegations of the complaint are true, in his lifetime Mr. Fenn was liable jointly with his codefendants and severally for the wrong complained of. That does not mean, of course, that he was liable upon two causes of action to the same plaintiff. His liability was an indivisible unit. It was of such a nature that in one aspect he was directly and individually answerable for the entire damage resulting from the wrong complained of, irrespective of the fact that others joined with him in the commission thereof. But the wrong, in another aspect, was the act of all as well as the act of each, and therefore all the tort-feasors were jointly responsible and were properly united as defendants. The liability of Mr. Fenn continues unreduced in amount against his estate. Now has his death taken away the attribute of associated or collective responsibility which attached to it originally, an attribute which did not increase nor lessen the quantum of his liability, but rendered him answerable for it at law conjointly with the others in the same suit? If that attribute of joint accountability has been taken away by his death, then his executor cannot be continued in the same suit with the surviving original defendants, and the motion for a severance must be granted as a matter of course.

It does not seem to me that his death has had that effect, under the statutes now in force, although such may have been the result in similar cases before the change in our statutes in that respect, effected in 1877, to which reference will be made. As to the former practice, see Dicey on Parties, rule 100; Pomeroy's Code Remedies (3d Ed.) p. 377, note 1; Union Bank v. Mott, 27 N. Y. 633.

When part 3 of the original Revised Statutes was enacted in 1828, it contained this provision (chapter 8, title 3; see 2 Rev. St. [1st Ed.] p. 447):

"Sec. 1. For wrongs done to the property, rights or interests of another, for which an action might be maintained against the wrongdoer, such action may be brought by the person injured, or after his death, by his executor or administrators, *against such wrongdoer, and after his death against his executors or administrators, in the same manner and with the like effect in all respects, as actions founded upon contracts.*"

Section 2 provided that section 1 should not apply to actions for slander, libel, assault and battery, false imprisonment, nor to actions on the case for injuries to the person.

This provision of the original Revised Statutes continued in force down to the adoption of the Decedent Estate Law, chapter 18, L. 1909 (Consol. Laws 1909, c. 13), wherein by section 120 the same provision is re-enacted. Under this provision of the Revised Statutes and the Decedent Estate Law, the liability of the estate of a joint tort-

feasor who·dies pending the action is just the same as that of the executor of one who dies after having been sued with others upon contract, and the procedure to enforce that liability is the same in either case.

[3] At common law only those could be joined as defendants in an action at law ex contractu ·who were jointly liable. Persons severally but not jointly liable for the claim sued upon could not be joined as defendants in the same action. An exception to this rule as to the nonjoinder of persons only severally liable was first created in this state by chapter 276, L. 1832, which permited persons severally liable on the same bill or note to be joined as defendants in the same suit. Graham's Pr. pp. 91, 92. When the Code of Procedure was adopted in 1848 (Laws 1848, c. 379), section 100 thereof provided as follows:

"Sec. 100. Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes may, all or any of them, be included in the same action, at the option of the plaintiff."

The word "obligation" in that section was construed to mean "written obligation." Strong v. Wheaton, 38 Barb. 616.

Under the Code of Civil Procedure, § 454:

All persons "severally liable upon the same ·written instrument, including the parties to a bill of exchange or a promissory note, whether the action is brought upon the instrument, or by a party thereto to recover against other parties liable over to him, may * * * be included as defendants in the same action."

This change does not alter the general rule which is still· in force that two or more persons shall not be joined as defendants who are only severally liable to answer for the same debt, or to give recompense for the same injury, except those liable upon *the same written instrument.* Leroy v. Shaw, 2 Duer, 626; De Ridder v. Schermerhorn et al., 10 Barb. 638. Persons jointly liable in a contract or in tort could always be joined as defendants; but unless their liability is joint or arises out of the same written instrument, the persons liable, either in tort or upon contract, cannot be joined in one suit at law. And of course the liability of tort-feasors arises out of a wrong done, and not upon a written instrument.

Prior to 1877, when section 758 of the Code of Civil Procedure was amended, as hereinafter noted, the estate of a joint obligor (not also severally bound) was discharged by his death from all liability to respond in an action at law (Randall v. Sackett, 77 N. Y. 480), and remained answerable only in equity upon proper averments as to the inability of the plaintiff to obtain satisfaction from the surviving obligors; but upon a joint and several bond the liability continued and could be enforced in an action at law, the executor or administrator being substituted as defendant in place of a deceased defendant, the action continuing, under the Code, against the executor and· the surviving original obligors, because the liability was upon the same written instrument. This was distinctly held in Douglass v. Ferris. See Judge Tappan's opinion, 63 Hun, 413, 18 N. Y. Supp. 685, and 138 N. Y. 192, 33 N. E. 1041, 34 Am. St. Rep. 435. The liability of the executor upon the joint and several bond was not subordinate to that

of the other defendants, and· no averment or proof was necessary as to plaintiff's inability to collect his claim of the surviving obligors.

[4] Section 758 of the Code of Civil Procedure was amended in 1877 (Laws 1877, c. 416) to read as follows (and in that form it remains):

"In case of the death of one of two or more plaintiffs, or one of two or more defendants, if the entire cause of action survives to or against the others, the action may proceed in favor of or against the survivors. But the estate of a person or party jointly liable upon contract with others shall not be discharged by his death, and the court may make an order to bring in the proper representatives of the decedent, when it is necessary so to do, for the proper disposition of the matter; and, where the liability is several as well as joint, may order a severance of the action so that it may proceed separately against the representatives of the decedent, and against the surviving defendant or defendants."

Under section 758, as thus amended, when one dies who had been joined as codefendant with others in an ordinary action at law upon their joint contract, the plaintiff has several courses open to him:

(a) He can drop the matter as far as the decedent's estate is concerned and proceed in the action against the surviving defendants as if they were the only parties liable; no application to the court being necessary to enable him so to proceed.

(b) He can apply for an order upon proper notice, bringing in the executor of the deceased defendant and continuing the suit against the executor and the remaining original defendants as codefendants; and if the liability of the original defendants was joint and several, the plaintiff may choose either course "a" or course "b," or employ a third method under which

(c) The court may, on bringing in the executor, order a severance so the action shall proceed as two actions, one against the executor alone and the other against the remaining defendants.

The amendment of section 758, in 1877, so affects the liability of the parties to a joint obligation entered into after that date (who are not also severally bound by the same instrument) as to devolve upon the estate of one, in the event of death, a joint accountability *at law* with the surviving obligors which did not exist before 1877. Course "b" was not open to the plaintiff in such a case prior to 1877. Lyon v. Park, 111 N. Y. 350, 18 N. E. 863; Potts v. Dounce, 173 N. Y. 335, 66 N. E. 4.

It is true that the surviving liability upon joint contract, which now can be enforced in an action at law, where there is no *several* liability, has been held to be only this: The executor of the deceased obligor, although joined with the surviving original obligors in the action at law, is only liable to be cast in judgment upon averments in the complaint and proof at the trial that because of insolvency or for some other reason plaintiff will be unable to collect his demand from the living original joint obligors. Potts v. Dounce, 173 N. Y. 335, 66 N. E. 4; Hentz v. Havemeyer, 132 App. Div. 56, 116 N. Y. Supp. 317; Seligman v. Friedlander, 199 N. Y. 375, 92 N. E. 1047. But there is no longer any obstacle· to proceeding in the one action at law against the executor of the joint obligor conjointly with the surviving obligors.

No such averment or proof is necessary in a suit upon a *joint and several* contract in order to hold the executor of a party who dies pendente lite, along with the remaining original defendants in the same suit, and the liability of the executor in such case is not subordinate to that of the other defendants, nor dependent in any way upon inability to collect of the others. County of Erie v. Baltz, 125 App. Div. 144, 109 N. Y. Supp. 1129.

[5] Recurring now to the language of the Revised Statutes and section 120 of the Decedent Estate Law, giving the right to bring actions against the executors of wrongdoers "in the same manner and with the like effect in all respects as actions founded upon contracts," it would seem quite clear that in the case of joint tort-feasors, who are always jointly and severally liable, if one dies his executor can be continued as a codefendant with the others because, under section 758 of the Code, the liability to answer for the wrong jointly with the other wrongdoers survives against the estate; and in that action, as it proceeds to judgment, the executor still remains liable for the entire claim in the first instance, because the liability of the testator was of that nature. All the attributes of joint and several responsibility survive his death, and no allegation of inability to collect of the others is required to enable the plaintiff to proceed against the executor on equal terms with the others, and no severance is necessary. Otherwise, how can the action be brought or maintained "in the same manner and with the like effect in all respects as actions founded upon contracts"?

It is true that in Mulligan v. O'Brien, 119 App. Div. 355, 104 N. Y. Supp. 301, decided by a divided court in 1907, it is assumed by Mr. Justice Scott that the practice in tort actions which obtained prior to the amendment of the Code in 1877, to order a severance when the representative of the estate of a deceased defendant was brought in, still prevails, referring in that connection to Union Bank v. Mott, 27 N. Y. 633, which was decided in 1863. But the amendment of 1877 is not mentioned in the Mulligan Case. Furthermore, in that case the plaintiff moved for a severance, and the motion was granted. It was the defendants who appealed. Here, the plaintiffs object to a severance.

If, in the first instance, the law gives a plaintiff the option of suing one or joining some or all of the tort-feasors in the same action, and the defendants at the outset have no right to complain as to the exercise of that choice, it would seem that after the death of one of the tort-feasors and the revival of the suit against his executor, the original right of the plaintiff to elect to join the defendants in one suit should not lose all its force, and that the suit should not be severed against the objection of the plaintiff unless there are special reasons making such a severance necessary in furtherance of justice, assuming that the court has the discretionary power to sever the action in spite of objection by plaintiff, if such special reasons are made to appear.

The motion for an order severing the actions must in each case be denied. Ten dollars costs allowed in the Lane action only.