CENTRAL HANOVER BANK AND TRUST COMPANY, Appellant, *v.* VERNON ESTATES, INC., and Others, Defendants, Impleaded with JULIUS BLAUNER and Others, Individually, and as Executors and Trustees, etc., of JACOB BLAUNER, Deceased, Respondents.

First Department, June 20, 1933.

*Francis S. Bensel* of counsel [*Leonard A. Blue* with him on the brief; *Larkin, Rathbone & Perry,* attorneys], for the appellant.

*A. Arthur Klar* of counsel [*Schiff, Dorfman & Stein,* attorneys], for the respondents.

MERRELL, J. Plaintiff brings this action to foreclose a first mortgage on real property in the borough of Manhattan, New York city. Plaintiff asks a deficiency judgment against the defendants Julius Blauner, Isidor Blauner, Louis Blauner and Samuel A. Blauner, individually and as executors and trustees aforesaid, under an extension agreement executed by the mortgagee and said Blauners, as such executors and trustees, as mortgagors, extending the time of payment of the principal sum evidenced by the bond and secured by the mortgage sought to be foreclosed in this action. The answer of the defendants, respondents, denied certain allegations of the amended complaint, and sets forth two separate and distinct defenses. Plaintiff moved at Special Term to strike out the second separate and distinct defense contained in the answer of the respondents, pursuant to the provisions of rule 109 of the Rules of Civil Practice, on the ground that said defense was insufficient in law. The court at Special Term, by the order appealed from, denied plaintiff's motion.

For said second separate and distinct defense the said defendants allege that the extension agreement set forth in the amended complaint was executed by the answering defendants and one Isidor Blauner, as executors of and trustees under the last will and testament of Jacob Blauner, deceased; that after the commencement of the present action, and before service of any process upon him, the said Isidor Blauner departed this life, a resident of the State of New York, leaving a last will and testament, which has been duly admitted to probate. The defendants then allege that if any liability exists against the defendants answering herein, it is a joint liability with the said Isidor Blauner, and that the plaintiff has failed to bring in, as defendants in this action, the legal representatives of said Isidor Blauner, deceased, and that there is, therefore, a defect of parties defendant.

The court at Special Term correctly held that the extension agreement was a joint obligation. The court held that inasmuch as it did not appear on the face of the complaint that Isidor Blauner was dead, the defect in parties upon the plaintiff's failure to join

the personal representatives of the deceased must be raised by answer.

We are of the opinion that the failure of the plaintiff to join in the action the legal representatives of the deceased executor or to allege his death is of no consequence so far as the present action is concerned. We are, furthermore, of the opinion that the legal representatives of Isidor Blauner are not proper parties and cannot be joined as parties defendant in the present action. The plaintiff concedes that the obligation upon which the defendants are sought to be held is a joint one, and that the death of Isidor Blauner occurred subsequent to the commencement of the present action. We do not think the failure to allege in the complaint the death of Isidor Blauner constitutes any defense in the present action against the surviving executors and trustees. In the amended complaint a deficiency judgment is demanded against Julius Blauner, Louis Blauner, Samuel A. Blauner and Isidor Blauner, individually and as executors of and trustees under the last will and testament of Jacob Blauner, deceased. The joint obligation of said executors and trustees arose out of the said extension agreement. At the time the agreement was made, upon the death of one joint obligor, his legal representatives did not become liable on the joint obligation unless and until all remedies to recover any deficiency had been exhausted against the surviving joint obligors. In *Potts* v. *Dounce* (173 N. Y. 335) the plaintiff sued on a promissory note made by four joint obligors. One of said joint obligors died before the action was commenced. The plaintiff brought suit against the three surviving obligors, joining the executor of the deceased obligor as party defendant. The complaint was dismissed as against the executor at the trial, and the Court of Appeals affirmed such dismissal. Judge GRAY, in an opinion in which all of the judges of the Court of Appeals concurred, stated (at p. 337): " The question which comes here is whether the executor of one of the deceased makers of the note was properly joined as a defendant. The theory of the decision below, and, in my opinion, it is correct, was that, as this was a joint note of the makers, it was necessary to the sufficiency of the plaintiff's cause of action against the executor that she should allege in her complaint and prove upon the trial the insolvency of the survivors, or the inability to recover against them." The answer here contains no allegation of insolvency or inability to pay of the surviving joint obligors. Manifestly, the plaintiff cannot allege or prove that judgments against the answering defendants, who are the surviving joint obligors, are uncollectible until the plaintiff shall have prosecuted the present action to

judgment against the remaining joint obligors and made an unsuccessful attempt to collect the judgment from them.

The respondents rely on the provisions of section 85 of the Civil Practice Act, but that section, we do not think, alters the situation or changes the law as stated by Judge GRAY in *Potts* v. *Dounce* (*supra*). Section 85 of the present Civil Practice Act is derived from and is substantially the same as section 758 of the Code of Civil Procedure, which was in effect at the time of the decision in *Potts* v. *Dounce* (*supra*). In discussing the applicability of section 758 of the Code of Civil Procedure, Judge GRAY has this to say: " The position of the appellant, as I view it, is that section 758 of the Code of Civil Procedure, as amended in 1877, has changed the rule with regard to joint debtors and now authorizes the maintenance of an action against the personal representatives of a deceased joint debtor, in the same way as though the contract creating the liability had been joint and several. Section 758 is enacted in that part of the Code, which relates to ' Proceedings upon the death or disability of a party, or the transfer of his interest ' and provides that, in case of the death of one or two or more plaintiffs, or defendants, if the entire cause of action survives to, or against, the others, the action may proceed in favor of, or against, the survivors; ' but the estate of a person or party, jointly liable upon contract with others, shall not be discharged by his death, and the court may make an order to bring in the proper representative of the decedent, when it is necessary so to do for the proper disposition of the matter.' *While this section, by its place in the Code, is applicable to the case of the death of a party pending the action, it must, nevertheless, be regarded as making a material alteration in the law and as imposing a liability where none existed before.* (*Randall* v. *Sackett,* 77 N. Y. 480.) *But there is no reason for holding that the section dispenses with the necessity of appropriate averments and proof of the insolvency, or the inability to pay, of the surviving joint debtors, when joining the personal representatives of the deceased debtor as defendants, in an action upon the contract.* *The section creates the legal liability; but it does not prescribe the procedure.* *To hold otherwise would be to lose sight of an essential distinction between the engagement of a joint debtor and that of a joint and several debtor.* That remains as it always has been. Upon the death of the former, the survivors become principal debtors and it is then their duty to discharge the obligation assumed; although they would have the right to compel contribution from the estate of the deceased. In this case, the deceased maker was a joint debtor, and not a mere surety. At common law, her death would have terminated her liability; but, while no action at law

could have been brought against her estate, as she was a joint debtor, equity, if an inability to collect from the survivors were shown, would have allowed a recovery against the estate. (1 Parsons on Contracts, 30; *Grant* v. *Shurter*, 1 Wend. 148; *Richardson* v. *Draper*, 87 N. Y. 337.) *Section 758 of the Code, now, by continuing the legal liability of the estate of the deceased, enables that liability to be enforced in an action at law. It effects directly, what formerly equity intervened to accomplish. But, while the legal rule of liability has been changed, the rule of procedure is not and when the personal representatives of the deceased joint debtor are directly proceeded against at law, the plaintiff should still allege and prove the insolvency, or inability to pay, of the survivors. The principle of liability of debtors upon a joint contract should make that proposition sufficiently clear, in my opinion.* (See *Barnes* v. *Brown*, 130 N. Y. 372; *First National Bank* v. *Lenk*, 32 N. Y. S. R. 191; affd., 123 N. Y. 638; *Merrill* v. *Blanchard*, 7 App. Div. 167; affd., 158 N. Y. 682.) The principle is the same whether the contract be an ordinary joint undertaking or one of partnership." (Italics are the writer's.) The law thus enunciated governs where the action is brought before the death of one of the joint obligors. (*Potts* v. *Dounce, supra.*) *Seligman* v. *Friedlander* (138 App. Div. 784; affd., 199 N. Y. 373) is in accord. In that case one of three partners was sued on a partnership debt. He died after process was served on him. The plaintiff then moved to continue the action in the name of his executors, and his motion was denied by the lower court. On appeal, the Appellate Division, First Department, per McLAUGH-LIN, J., said (at p. 785): " The motion to revive the action was apparently denied upon the ground that the plaintiff should proceed against the surviving partners. This might be correct if the obligation of the partners were *joint*, but it is not when the obligation of the partners is *joint* and *several*." It thus appears that the court reversed the order appealed from merely upon the ground that the obligation was joint and several and not joint, as in the case at bar. We are, therefore, of the opinion that the second defense alleged in the answer was insufficient in law, and that said defense should have been stricken out at Special Term.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and plaintiff's motion granted, with ten dollars costs.

FINCH, P. J., MARTIN, O'MALLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.